F. S. WOLF, *as Agent of the Mo. R., Ft. Scott & G. Rld. Co.,* v. R. M. HOUGH.

CARRIER'S LIEN *for Unpaid Charges on Goods.* A shipper shipped goods. from Roselle, Ill., a station on the Chicago & Pacific Railroad, to Girard, Kansas. An agent of that road received the goods at Roselle, took from the shipper what he said would pay the freight charges through, and gave him a receipt upon which was indorsed, "freight charges paid through to Girard." The Mo. R., Ft. Scott & Gulf Railroad received the goods at Kansas City without any knowledge or notice of the action of the agent at Roselle, or of the receipt given by him, and carried them over its road to Girard. Only a portion of its charges therefor were paid. The agent at Roselle had no authority from the Gulf road, nor did he pretend to have any. No agreement or arrangement of any kind existed between the two roads in reference to shipments of freight or contracts therefor. *Held,* That the Gulf road had a lien upon the goods for its unpaid charges.

### *Error from Crawford District Court.*

REPLEVIN brought by *Hough* against *Wolf,* agent for the Mo. R., Ft. Scott & Gulf Rld. Co., to recover the possession of certain goods of the alleged value of $75, and for $25 damages for the wrongful detention thereof. Trial at the January Term, 1879, of the district court, and verdict and judgment for plaintiff. New trial denied, and the *Railroad Company* brings the case here.

*Blair & Perry,* for plaintiff in error.

*Jas. T. Bridgens,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This is one of those petty cases that never should come to this court, and one which reluctantly we are compelled to reverse. The action was replevin; the defense a carrier's lien, and the verdict and judgment against the lien. The facts are these: The goods were shipped from Roselle, Illinois, to Girard, Kansas. The M. R., Ft. Scott & G. Rld. Co., whose agent the plaintiff in error was, carried

the goods over its road from Kansas City to Girard. A portion only of its charges therefor was paid, and for the balance, $1.40, it claimed a lien, and refused to deliver the goods until it had received payment of such balance. To avoid the otherwise unquestioned right to retain possession for its carrier's lien, the plaintiff showed that when the goods were shipped at Roselle, a place on the line of the Chicago & Pacific railroad, the agent of the latter road received what he said were the freight charges through, and issued to the shipper a receipt which stated that such charges were paid through to Girard. Would this destroy the lien? Manifestly not. There was not a scintilla of evidence that the agent at Roselle was the agent of the M. R., Ft. Scott & G. Rld., or authorized in any manner to contract for it, or that he claimed to be so authorized, nor that there was any partnership or agreement of any kind between the two railroads as to the shipment of freight or the making of contracts therefor, nor that the Gulf road had any knowledge or notice of the terms of the shipment at Roselle. True, when Hough demanded the goods at Girard, he showed the agent there the receipt, but this was after the carriage was completed and the rights of the parties fixed. Conceding that this receipt was a binding contract on the C. & P. road, and that *that* road is liable in damages for a breach of such contract, yet before the Gulf road could be held to its terms it must appear either that it had given authority in the first instance to make such a contract, or that it had undertaken the transportation with notice that such a contract had been made for it. The mere fact that it received and transported the goods, does not tend to prove that it had notice of any contract which an agent of another road in another state had assumed to make for it, or of any contract which such other road might have made in regard to such shipment, or that the goods were received to be transported under such contract. It may be conceded, as counsel claim, that the Gulf road was under no obligation to receive and transport the goods without prepayment of its charges, but still a failure

to insist on prepayment was no waiver of its lien. A carrier may always receive goods, and trust to its lien for the payment of its charges.

The judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.