LOEWENBERG *v.* RAILWAY CO.

Opinion delivered July 1, 1892.

1. *Carrier—Lien for freight.*

If a carrier receives goods for shipment over several connecting lines and guaranties a through rate, where no joint rate has been agreed upon by such connecting lines, the last carrier has a lien on the goods for its own regular charges, together with the charges due the prior connecting lines advanced by it in ignorance of the guaranty, though the amount so paid, added to its charges, exceeded the guarantied rate.

2. *Railway—Duty to surrender freight.*

The act of February 27, 1885, which provides that all railroad companies shall deliver freight to its owner upon payment, or tender of payment, of the freight charges due, as shown by the bill of lading, applies only to railroad companies that are bound by the bill of lading, either as having made, authorized or accepted it.

3. *Tender of freight charges—Waiver.*

A demand by a carrier, by mistake, of more than is due upon freight is not a waiver of tender of the amount legally due.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

This was a suit in replevin by I. Loewenberg against the Arkansas & Louisiana Railway Co. to recover possession of a car load of stoves and damages for unlawful detention thereof. The facts are stated in the opinion.

*W. C. Rodgers*, for appellant.

1. The act of February 27, 1885, is valid as a mere police regulation. 49 Ark. 201 ; 12 S. W. Rep. 1002.

2. The lien of a carrier for freight depends on contract with the owner ; the lien need not be mentioned in the contract, *but there must be a contract* of carriage on which it may rest. A wrongdoer cannot confer on the carrier the right to assert a lien against the true owner, and when goods are sent, not according to contract with the true owner, but by some other route, there is no lien for freight. 6 A. & E. R. Cases, 364 ; 1 Doug. 1 ; 5 Cush. 137 ; 9 Gray, 262 ; Hutch. Car. sec. 468 ; *ib.* sec. 491 ; and note *ib.* 492. Appellee must rely on the bill of lading in order to assert a lien at all. Once having relied upon it, or affirmed it in order to assert its lien, it must bear its burdens. 50 Ark. 397 ; 37 Fed. Rep. 532.

3. In order to carry out its contract, it becomes necessary for the Ohio Valley R. Co. to employ other carriers, and these lines become the agents of the Ohio Valley and bound to carry out its contract. 50 Ark. 397 ; 74 Mo. 159 ; 6 A. & E. R. Cases, 433. The connecting carrier, by receiving the goods from the contracting carrier, becomes its agent to complete the contract. Hutch. Car. sec. 150 ; Lawson, Cont. Car. sec. 343 ; 63 Mo. 314, 377 ; 45 N. Y. 514 ; 49 *id.* 491 ; Hutch. Car. secs. 271–4 ; 39 Ark. 158 ; 57 Ind. 505.

4. Appellee held the goods for $53 more than they were entitled to, admitting their theory to be correct, and this was a waiver of any tender of $231.

*Dodge & Johnson* for appellee.

1.   The last carrier has a lien for all previous charges paid and its own freight, and the shipper's remedy is against the first carrier on its guaranty. Schouler on Bailments and Carriers, p. 546 ; 49 Ark. 534 ; 54 *id.* 402 ; 53 *id.* 285 ; 41 Fed. Rep. 592 ; 12 S. W. Rep. 1002 ; *ib.* 533 ; 149 Mass. 197 ; 13 R. I. 572–6 ; 14 Allen, 320 ; 22 Kas. 659 ; 27 Mo. 17 ; 25 Wis. 241–261 ; 9 Am. Law Reg. (N. S.) 536 ; 11 Mich. 121.

2.   The plaintiff refused to pay more than $180, the rate mentioned in the bill of lading.   It is sufficient for defendant to show that this tender was not sufficient, even though by mistake it demanded more.

HEMINGWAY, J.   The court below found the facts in the case as follows :   That the plaintiff purchased a car load of stoves at Evansville, Indiana, for shipment to Nashville, Arkansas ; that they were delivered at Evansville to the Ohio Valley Railway Company which issued a through bill of lading at a guarantied rate of 78 cents per hundred pounds ; that to complete the carriage it was necessary that the freight be transported over several connecting lines before it reached Hope, Arkansas, where it was received by the defendant for carriage to the place of consignment ; that the defendant had no contract or agreement with the initial road authorizing it to make a rate for defendant lower than its regular local rate, and had never agreed upon or fixed with it any joint through rate from Evansville to Nashville ; that defendant received and carried the goods from a connecting carrier without knowledge of the rate guarantied ; that, upon the receipt of the freight, it paid the charges that had accumulated to prior carriers, and that the amount so paid, added to the regular rate of the defendant, exceeded the rate guarantied in the bill of lading.

*1.  Lien of carrier for freight.*

Upon this finding, the court held that the plaintiff was not entitled to demand the stoves except upon payment or tender of the sum of the charges paid by the defendant and the amount due it for carriage according to its regular rate of charges ; as no such payment or tender had been made, its finding was for the defendant.

It was not shown below, nor is it insisted here, that the charges paid by the defendant were in excess of the regular rates of the several carriers to whom they were paid, or that the defendant made the payment with notice that the charges were in excess of what was legally due.

We are of the opinion that the court could have made no different finding upon the evidence ; and that, upon the case found, the defendant was entitled to hold the stoves until the sum of the freight due it according to its regular rates and the charges advanced by it to the former carriers were paid. The authorities to sustain this conclusion are too numerous and too well established to require a review at our hands. Hutch. Car. 478*a* and cases cited ; *Railway Co.* v. *Lear*, 54 Ark. 399 ; *Wolf* v. *Hough*, 22 Kas. 659 ; *Vaughan* v. *Providence*, *etc.*, *Ry. Co.* 13 R. I. 578.

**2. Duty of railway to surrender freight.** But it is insisted that, by the terms of the act of the 27th of February, 1885, it is made the duty of all carriers to surrender freight upon payment of the charges specified in the bill of lading, without reference to the relation which the carrier, to whom the payment is tendered, sustains to the bill of lading, and that for this reason the defendant was bound to deliver the stoves. The position is not tenable. In the case of *Fordyce* v. *Johnson*, *ante*, p. 430, in an opinion by the Chief Justice, it is held that the act relied upon applies only to carriers that are bound by the bill of lading, either as having made, authorized or adopted it. As the defendant in this case neither made nor authorized the making of the bill of lading, and

was not cognizant of its provisions until after it advanced the prior charges and earned its freight by completing the carriage, we think the bill of lading was not binding upon it, and that the act was inapplicable.

The court refused a number of prayers for declarations of law submitted by plaintiff and gave a number on part of defendant, and to its action in each respect plaintiff saved exceptions. Whether the former were correct and the latter incorrect as statements of law, we deem it wholly unnecessary to determine; for, upon the finding of facts by the court, it follows, from the principles herein announced, that there could have been no other than a judgment for the defendant.

It is insisted that although the plaintiff made no tender of the sum due, the defendant waived it, and that the verdict should have been for the plaintiff, upon the principle announced in the twelfth prayer for instruction on part of the plaintiff—that is, that the defendant waived such tender.

3. When tender of freight not waived.

As the plaintiff announced that it proposed to tender the amount in the bill of lading, without indicating that he would give more, the defendant's reply that it would accept only the sum demanded could not properly be held a waiver of tender of the sum legally due, even though it erroneously computed the sum due at an amount in excess of what it was entitled to demand. The plaintiff was not influenced by the reply to forbear making a tender of the proper amount, and it cannot be said that the defendant waived a tender which it had no reason to expect. The plaintiff was insisting that he was entitled to demand the stoves on payment of the freight specified in the bill of lading; and the defendant, that it was entitled to hold them until its freight rate and the charges advanced by it were paid. Neither party seems to have noticed that the sum demanded included an excess of charges paid; and there is quite as much reason to

hold that the defendant would have accepted the sum legally demandable, as that the plaintiff would have paid it. As the plaintiff made no tender of the sum due, and the defendant did not waive it, we think the twelfth declaration was properly refused.

　Affirmed.