## AMERICAN NAT. INS. CO. v. ALLEN.
### (No. 2343.)

(Court of Civil Appeals of Texas. Texarkana.
Dec. 16, 1920.)

**1. Insurance ⚖➝395 — Refusal to accept premium without unauthorized bonus waives tender of money.**

Where the agent of insured notified the agent of the insurance company that he had the money and was ready and willing to pay the premium on the policy, the refusal of the company's agent to accept the payment unless an additional amount, unauthorized by the policy, was paid because the insured was then in France, waived tender of the premium by insured or his agent in money.

**2. Insurance ⚖➝76—Evidence held to sustain finding of agency for insurance company.**

Uncontradicted testimony by a witness that he knew the agent of an insurance company, that the agent stated he was such, and talked with witness about the policy, *held* sufficient to warrant a finding that the person named by the witness was the agent of the insurance company.

**3. Trial ⚖➝253(10)—Requested charge requiring tender of premium properly refused because omitting issue of waiver.**

In an action on an insurance policy, where there was evidence that an agent of the company had waived tender of the premium by declining an offer to pay it unless an unauthorized bonus was also paid, a requested charge that plaintiff could not recover unless the money was actually tendered and refused by an authorized agent was properly refused as omitting the issue of waiver.

**4. Trial ⚖➝253(10)—Requested charge defining tender properly refused for ignoring issue of waiver.**

A requested special charge defining tender as an actual production of the money and offer of it was properly refused as ignoring the issue of waiver of the actual production of the money, where there was evidence to support a finding of such waiver.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by W. Y. Allen, as administrator, against the American National Insurance Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

The suit is by appellee against the appellant on a policy of insurance on the life of Will C. Allen. The petition alleged that Will C. Allen, the insured, died in France while a soldier in the United States army, and that the policy was in force at the time of his death; that all premiums had been paid, or that if any premium had not been paid, the insured, through his authorized agent, had offered to pay, and was ready, willing, and able to do so, the amount of the premium due, at the time due, to the authorized and acting agent of the insurance company, and that said agent declared that he would not accept the tender of the amount of the premium if made. A tender in court of the premium was made. The defendant pleaded general denial, and specially that the policy sued on had lapsed at the time of the death of the insured for nonpayment of premium.

The case was tried before a jury, and on their verdict a judgment was entered in favor of the plaintiff.

On August 19, 1916, the appellant executed and delivered a policy of insurance on the life of Will C. Allen in the sum of $1,000, payable at his death to the estate of the insured. The premium of $43.85 was payable annually in advance on August 15; the annual premium was authorized to be paid "either at the home office or to any authorized agent." It was proven that Will C. Allen, the insured, in June, 1918, went overseas to France as a lieutenant in Company C, 345th Machine Gun Battalion, in the Nintieth Division of the United States army. On October 17, 1918, the insured died in Base Hospital 45, Toule, France. The insured was a single man. It is admitted that the appellee is the duly appointed administrator of the estate. It was proven by appellee that W. B. Allen, father of the insured, received a letter from the insured about the time he was sailing for France, inclosing the money to pay the premium due in August, 1918, on the policy of insurance in suit, and asked the father to pay it for him. At the time the premium was due in August the father went to the Marshall National Bank and called the local office of the appellant company over the telephone and asked for the agent of the company. The father testified:

"When the phone was answered I asked if this was the agent of the American National Insurance Company, and the reply was, 'Yes; Binyon is my name.' I told him I had come to the Marshall National Bank to settle the premium on the policy of insurance of Will C. Allen, my son, and that he had sent me the money to pay the premium; that I had the money at that time and was ready to pay it. The amount of the premium was $43.85, and I had that money and was ready and willing to pay it. When I told him I wanted to pay the $43.85 premium due on the policy he remarked, 'Well, there is a $100 added.' I said, 'What for?' He said, 'Because he is in France, and we charge $100 extra for every man that goes to France,' I told him that was new to me; that it had not appeared on the card of notification and Will did not know anything about it. I then told him, 'I am willing to pay you the $43.85 and let you take up this matter about the $100 with him;' and I asked him, 'Shall I bring this money to you or can I leave it here at the Marshall National Bank?' He said, 'It will be all right to leave it at the Marshall Na-

⚖➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tional Bank if you will leave $143.85.' I did not do that. I told him I was perfectly willing to pay $43.85, 'I have the money sent me by Will C. Allen himself to pay it.' He replied, 'It will be all right to leave the $43.85 there if I would leave the $100 additional.' "

It was shown that Mr. Binyon offered no objection to the manner in which the offer to pay the money was made, nor to the amount offered to be paid as a premium of the policy, but did insist upon $100 additional as an extra premium for foreign war service of the insured. The witness Allen was not personally acquainted with Mr. Binyon, and did not know his voice. On cross-examination it was shown that "there were two Binyons in town," but it is not shown that but one of them was the agent of the appellant company. The witness Allen on cross-examination testified:

"I will tell you again about the conversation I had with Mr. Binyon. I called up to know if that is the American National Insurance Company office, and the answer was, 'Yes.' I then asked, 'Is this the agent?' and he said 'Yes; Binyon is my name.' I said, 'I am at the Marshall National Bank and have the money for the payment of the premium on the policy of Will C. Allen; shall I leave it here or bring it up to you?' He said, 'Well, the premium is not all of it; there had got to go with that premium $100 as a bonus put on men in France, and I can't take it unless $100 is with it.' "

Binyon did not testify. There is no contradiction or dispute on the above facts.

There is no provision in the policy for the payment of any premium or additional premium of any kind except the $43.85 payable annually. There was no provision in the policy requiring Will C. Allen to pay the additional $100. The evidence supports the finding involved in the verdict of the jury that there was a sufficient tender of the premium and that the actual production of the money was waived.

Davidson & Blalock, of Marshall, for appellant.

Jones, Sexton, Casey & Jones, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] The first assignment of error is based on the refusal of the court to give a requested peremptory instruction in favor of the defendant. The contention is that as the evidence shows that the premium of August, 1918, had not been paid, there was an insufficient tender of the premium, and therefore the policy had lapsed. The evidence without dispute shows that the authorized agent of the insured at the time the premium of August, 1918, was due made an offer to pay to the accredited agent of the appellant the pre-

mium provided for in the policy, and was ready and able and willing to do so, and that when offering or about to produce the money the agent of the appellant told him he would not accept it. If the agent of the appellant to whom the offer to pay the premium was made refused, as conclusively shown, to accept it unless an unauthorized $100 be added, the question is then presented whether the offer or tender has been made in proper form, and whether the insurance company has waived any of its rights to insist on a formal and proper tender. It seems to be well settled that where the debtor is ready and willing and offers to pay the money the actual production of it is waived by the absolute refusal of the creditor to accept it, or his declaration that he will not accept the tender if made. White v. Dennis, 220 S. W. 161; R. C. L. p. 662; 3 Paige on Contracts, § 1425. And there is some evidence that Mr. Binyon was the accredited agent of appellant. The witness Andy Allen testified:

"I know the agent of the American National Insurance Company was Binyon. He told me he was the agent, and he talked to me about $100 bonus asked, and that this policy had lapsed."

There is no other evidence contradictory of this testimony. It is believed that there is sufficient evidence to maintain the issue of tender, and assignment of error No. 1 is overruled.

[3] The second assignment of error is predicated upon the refusal to give a special charge. The charge tells the jury that in order for the plaintiff to recover "the money must have been actually tendered by the plaintiff or his agent, and must have been refused by some person authorized by the defendant to accept the payment of dues upon the policy." On the facts of this case the charge was properly refused, because it, in effect, denied the plaintiff a recovery in the event the jury found that the father of the insured offered to pay and was prevented from doing so by the refusal of the appellant's agent to accept the tender if made.

[4] The third assignment of error complains of the refusal to give a special charge which undertakes to define "tender." The special charge, in effect, restricts the requisites of a legal tender to "an actual production of money and an actual offer of it to the person to whom the tender is made." The charge ignores the issue of waiver of the actual production of the money. Smith v. B. & L. Ass'n, 119 N. C. 257, 26 S. E. 40. The waiver of the actual production of the money is the very and only issue made by the facts. We think the assignment should be overruled.

The judgment is affirmed.