[Civ. No. 4208.   Second Appellate District, Division Two.—July 23, 1924.]

ADAMS & McKEE LAND COMPANY (a Corporation), Respondent, v. LAURA FULTON DUGAN et al., Appellants.

[1] VENDOR AND VENDEE—TIME OF ESSENCE OF CONTRACT—WAIVER— FORFEITURE—NOTICE.—Where the entire course of dealing between the parties to a contract of sale of real property has amounted to a waiver on the part of the vendor of the clause making time of the essence, the vendor may not declare a forfeiture unless the vendee be afforded reasonable notice of the former's determination and election to terminate the contract. The vendee should be given notice, in some form, that if the overdue payments are not made on or before a date fixed therefor, far enough in the future

---

1.   See 6 Cal. Jur. 357; 6 R. C. L. 898; 27 R. C. L. 450, 452.

to give the purchaser reasonable time and opportunity to comply with his contract by making the payments, the contract will be terminated and a forfeiture will take place.

[2] ID.—TIME—QUESTION OF FACT.—The question of what is a reasonable time is primarily one of fact for the determination of the trial court. What constitutes a reasonable time within which a defaulting vendee must make overdue payments must depend upon the facts of each particular case.

[3] ID. — NOTICE OF PERFORMANCE — FAILURE OF VENDEE TO BORROW MONEY—INSUFFICIENT EXCUSE.—The fact that a defaulting vendee finds it difficult to borrow money to meet overdue payments within the time fixed by a notice of performance given by the vendor affords said vendee no excuse for failure to comply with said notice of performance.

[4] ID.—NOTICE—LIMITATION OF TIME FIXED FOR PERFORMANCE—REASONABLENESS OF.—A notice mailed by a vendor in the city of Los Angeles to a defaulting vendee at El Paso, Texas, requiring the vendee to meet certain overdue payments under her contract, was reasonable in the limitation of time fixed thereby for performance, where the vendee was given by said notice thirty-six days from the time of mailing same within which to perform, and said vendee knew that, though the time clause in the contract had been waived and the matter set at large, the vendor, nevertheless, could at any time fix another date for performance by giving notice thereof.

[5] ID. — NOTICE — SUFFICIENCY OF AS BASIS FOR FORFEITURE — EVIDENCE.—A notice by a vendor to a defaulting vendee requiring the latter within a specified time to meet overdue installment payments and to reimburse the vendor for moneys laid out on account of assessment liens against the property was sufficient as a basis for the forfeiture of the vendee's rights under the contract, where the vendee's offer to pay a stated amount fell short of an offer to pay the amount then due and payable by her, even though she was not obligated to pay the amounts which the vendor had laid out on account of the assessment liens, and where the vendee did not say, as it was her duty to have said, that the notice included items which she was not obligated to pay, but stated in her offer that the amount offered by her was "to be applied on assessments."

[6] ID.—NOTICE OF FORFEITURE—ESSENTIAL PURPOSE OF.—The essential purpose of a notice to forfeit a vendee's rights, after a waiver of the clause making time of the essence, is to let the vendee know that, though there has been a waiver of the time clause, the

---

2.   See 6 Cal. Jur. 348; 6 R. C. L. 896.

4.   See 6 Cal. Jur. 349; 27 R. C. L. 451.

vendor intends that the conditions of the contract from thenceforth shall be treated as restored. For this purpose any conduct on the part of the vendor and vendee will suffice if it is such as to justify the inference that both parties understood that the conditions regarding forfeiture were to be treated as restored and in force.

[7] ID.—TENDER — KNOWLEDGE.—The general rule is that the party making a tender acts at his peril, and must see to it that the amount tendered is large enough, where the correct amount is not within the exclusive knowledge of the tenderee.

[8] ID.—INSUFFICIENCY OF TENDER—EVIDENCE.—Though the refusal of a vendor to accept from a defaulting vendee less than the full amount demanded by it may have excused the actual production by the vendee of the money concededly due, it did not make an offer to pay an amount less than the sum concededly due the equivalent of a tender of the latter sum.

[9] ID. — DEMAND OF VENDOR — BAD FAITH. — The mere fact that a vendor may have been in error in supposing and declaring that unless it were repaid the amount of certain assessments, in addition to overdue installments, it would consider the rights of the vendee foreclosed does not necessarily indicate bad faith on the part of the vendor.

---

(1) 39 **Cyc.**, p. 1611. (2) 39 **Cyc.**, p. 1611. (3) 39 **Cyc.**, p. 1608 (Anno.). (4) 39 **Cyc.**, p. 1611. (5) 39 **Cyc.**, p. 1611. (6) 39 **Cyc.**, p. 1611. (7) 38 **Cyc.**, p. 137. (8) 39 **Cyc.**, p. 1564. (9) 39 **Cyc.**, p. 1611.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Louis W. Myers, Judge. Judgment affirmed; appeal from order denying new trial dismissed.

The facts are stated in the opinion of the court.

Benno M. Brink for Appellants.

Walter M. Campbell for Respondent.

FINLAYSON, P. J.—This action, though in form a suit to quiet title, is in effect one whereby it is sought to forfeit the rights of the defendant Laura Fulton Dugan under a

---

7. Waiver of objection to amount of tender, note, **Ann. Cas.** 1912B, 903. See, also, 6 **Cal. Jur.** 407.

Tender as affected by insufficiency of amount offered, note, 5 **A. L. R.** 1226. See, also, 6 **Cal. Jur.** 405; 26 **R. C. L.** 639.

contract for the sale of real property. W. J. Dugan and Laura Fulton Dugan are husband and wife, and it is for that reason that the former was joined as a party defendant. Plaintiff recovered judgment. Defendants have appealed from the judgment and likewise from an order denying them a new trial—a nonappealable order.

By the contract of sale, which was executed on September 6, 1909, Mrs. Dugan, as a vendee, agreed to buy, and one Thomas McClelland, plaintiff's assignor, agreed to sell, certain real property in the city of Los Angeles for the sum of $1,350, payable $25 upon the execution of the contract and the balance in monthly installments of $10 each, on the sixth day of each and every month, the first installment to be paid October 6, 1909. It also was agreed that the vendee should pay all taxes and assessments which might be levied upon or assessed against the property. Time was expressly made of the essence of the contract. There was a provision to the effect that if the vendee should fail to comply with the terms of her contract she should forfeit all rights thereunder and all right to such moneys as may have been paid by her, and that the vendor should be relieved from all obligation to convey. Mrs. Dugan entered into possession under the contract and paid $433.05 on account of the principal and a further sum on account of interest. The vendor and his assignee, the plaintiff in the action, repeatedly and habitually and without objection accepted payments from the vendee when they were past due. Wherefore the lower court found that the clause of the contract making time of the essence was waived both by McClelland and by plaintiff. But it was further found, in substance and effect, that the time clause was revived and reinstated before the action was commenced. Whether the provision making time of the essence was so revived is the vital question in the cause. The facts bearing upon this aspect of the case are, in brief, these: On May 20, 1920, plaintiff's attorney mailed to Mrs. Dugan, at El Paso, Texas, a letter the substance of which is hereinafter stated. At the date of that letter there was due and unpaid on the contract six monthly installments of $10 each. A further installment of $10 would fall due, under the terms of the contract, on the sixth day of June following. Subsequently to the execution of the contract the property was assessed for work done on Brooklyn Avenue. Instead of

paying the assessment the vendee permitted a street assessment bond to be issued for the amount thereof. The bond was issued December 15, 1916. The vendee paid all installments of principal and interest which accrued on the bond prior to May 13, 1920, on which date plaintiff, in order to relieve the property of the lien, paid the sum of $39.87. At the same time plaintiff paid the further sum of $199.96, the amount of an assessment which had been levied against the property for work done on Lorena Street and which would have become delinquent on May 19, 1920. The two sums thus paid by plaintiff aggregate $339.83. On April 13, 1921, which was after the action had been commenced, the proceedings under which the Lorena Street assessment had been levied were abandoned, and thereupon the city returned to plaintiff the amount which it had laid out in payment of that assessment.

On May 20, 1920, plaintiff's attorney, as already stated, caused a letter to be deposited in the United States postoffice at Los Angeles addressed to Mrs. Dugan at El Paso, Texas, wherein the latter was specifically notified that she was in arrears in the payment of the six past due monthly installments on the purchase price, that another installment of $10 would become due on June 6th following, and that plaintiff had paid the sums of $39.87 and $199.96, respectively, to relieve the property from the street assessment liens. The letter, after giving this information, then proceeds as follows: "You will please take notice that you are required to pay all of said items on or before the 25th day of June, 1920, and that by making said payment your contract will be considered as restored to good standing and you can then continue to make your payments of $10.00 per month. You will, however, be expected to make them promptly every month, as called for by the contract. Please let me know whether or not it is your intention to comply with this demand. You will, of course, understand that if the same be not complied with your contract will be forfeited and the Adams-McKee Land Company will take possession of the property and will not be under further obligations to convey the property to you." This letter was received by the vendee in due course. On June 17, 1920, at Los Angeles, Mrs. Dugan, through an attorney acting for her in the matter, offered by letter to pay to plaintiff the sum of

$60. In this letter Mrs. Dugan, or her attorney for her, specifically stated that the $60 was to be applied *on the assessments*. Plaintiff, through its attorney, refused to accept this offer of $60, stating that it was "unwilling to accept a partial payment on account of past due indebtedness." Mrs. Dugan never made any other tender or offer to pay. Judgment was given for plaintiff upon the theory that by the letter of May 20, 1920, Mrs. Dugan was given sufficient notice of plaintiff's intention to revive the provision of the contract making time of the essence thereof and to terminate the contract unless all amounts past due were paid·on or before June 25, 1920.

The principal grounds of appeal are: (1) That the notice to Mrs. Dugan, given to her by the letter of May 20, 1920, did not afford her a reasonable time within which to make the payments under the terms of her contract; and (2) that plaintiff had no right to repayment of the amounts which it had laid out in order to relieve the property of the assessment liens.

[1] Undoubtedly it is the rule that where the entire course of dealing between the parties to a contract of sale of real property has amounted to a waiver on the part of the vendor of the clause making time of the essence, the vendor may not declare a forfeiture unless the vendee be afforded a reasonable notice of the former's determination and election to terminate the contract. The vendee should be given notice, in some form, that if the overdue payments are not made on or before a date fixed therefor, far enough in the future to give the purchaser reasonable time and opportunity to comply with his contract by making the payments, the contract will be terminated and a forfeiture will take place.

[2] The question of what is a reasonable time is primarily one of fact for the determination of the trial court. (*Hoppin* v. *Munsey*, 185 Cal. 684 [198 Pac. 398].) In cases such as this there cannot, in the nature of things, be any fixed rule as to what constitutes a reasonable time. It must depend upon the facts of each particular case. Here respondent did not summarily insist upon immediate performance of the vendee's obligations, but gave her practically a month within which to secure the money wherewith to make the payments. The time fixed by the notice was

thirty-six days from the date of the letter written by respondent's attorney. The simple act required to be done was the payment of a sum of money. True, appellant lived in Texas and respondent had its residence in California. We cannot, however, close our eyes to what is a matter of common knowledge, that the facilities afforded for communication between different states of the Union, and for transmission of money from one portion of the country to another, have practically annihilated distance and time. If we deduct from the time fixed by the notice for performance the few days necessary for respondent's letter to reach appellant and for the latter to mail her reply, a month or thereabout would still be left appellant within which to raise the money, if, in fact, she did not already possess it. [3] If she found it difficult to borrow money, that fact would afford her no excuse. (*Skookum Oil Co.* v. *Thomas,* 162 Cal. 546 [123 Pac. 363].) She knew what contract she had entered into and what obligations she had assumed, and she likewise knew that, though the time clause had been waived and the matter set at large, respondent, nevertheless, could at any time fix another date for performance by giving notice thereof. [4] Under all the circumstances of the case we think the limitation of time fixed in the notice was a reasonable one. For a closely analogous case, see *Charbot* v. *Winter Park Co.,* 34 Fla. 258 [43 Am. St. Rep. 192, 15 South. 756].

Coming now to the claim that respondent was not entitled to demand repayment of the sums which it paid to the city in order to relieve the property of the assessment liens: Appellants contend that notwithstanding Mrs. Dugan had covenanted to pay all assessments which might be levied against the property she could rightfully permit street assessment bonds to issue for such assessments, and that her only obligation was to pay the principal and interest on such bonds as and when they accrued. It also is suggested that respondent could not rightfully demand from Mrs. Dugan the sum of $199.96 which it had paid to satisfy the Lorena Street assessment, because the subsequent abandonment of the proceedings which culminated in that assessment indicates that there never was a valid assessment lien under those proceedings. We do not find it necessary to decide either of these questions. [5] Assuming, without de-

ciding, that, by its reference to the assessments, the letter which respondent's attorney mailed to Mrs. Dugan included sums which, under the terms of her contract, she could not be required to pay, nevertheless the letter was notice to the vendee sufficient to lay the foundation for a forfeiture of her rights. Mrs. Dugan's offer to pay $60 on account of the assessments—the only offer of payment ever made by her after she received the notice from respondent's attorney—was made on June 17, 1920. On that date seven installments of the purchase price had become due and payable under the terms of the contract. Mrs. Dugan's offer to pay $60, therefore, fell short of an offer to pay the amount then due and payable by her, even if she was not obligated to pay the amounts which respondent had laid out on account of the assessments. Unless, therefore, respondent's notice of May 20, 1920, was abortive simply because it contained a demand for sums to which respondent was not entitled, it must be held to have been sufficient as a basis for the forfeiture of the vendee's rights under the contract.

Each of the items which made up the total amount demanded by respondent was specifically set forth in the notice to Mrs. Dugan, and the latter knew, as well as respondent, that at least $70 was due and payable by her before the expiration of the time limit fixed in respondent's notice. If, therefore, Mrs. Dugan believed that the notice included items which she was not obligated to pay on or before the expiration of the date fixed in the notice, it was her duty to have said so at the time. See *Kimball* v. *Bellows,* 13 N. H. 58, where the court, on pages 69, 70, says: "The demand made of the defendant for payment of these claims is excepted to for the reason that it included a claim of William Cooper. . . .' A sufficient reply to this objection is that no exception was taken to the demand at the time, and no specification was asked. Where claims are taken up for the benefit of another, and, on demand of payment, a mere general refusal is given, without any cause assigned or inquiry made, we hold the demand to be good, notwithstanding it included a claim which the party is not bound to pay, and though no precise sum is named as the amount due."

In her offer to pay the $60 Mrs. Dugan specifically stated that it was "to be applied on' assessments." It is quite probable that this language led respondent to believe that Mrs.

Dugan recognized an obligation to pay the full amount demanded of her, the assessments included. This furnishes additional reason why Mrs. Dugan, having failed to object to respondent's demand when it was made, should not now be heard to claim that it was for an excessive amount. Having led respondent into a sense of security, she should not now be heard to say that the demand made upon her was ineffective because it included the assessments.

[6] The essential purpose of a notice to forfeit a vendee's rights, after a waiver of the clause making time of the essence, is to let the vendee know that, though there has been a waiver of the time clause, the vendor intends that the conditions of the contract from thenceforth shall be treated as restored. For this purpose any conduct on the part of the vendor and vendee will suffice if it is such as to justify the inference that both parties understood that the conditions regarding forfeiture were to be treated as restored and in force. (*Hoppin* v. *Monsey,* 185 Cal. 688 [198 Pac. 398].) The inclusion in the notice to Mrs. Dugan of the amounts paid by respondent on the assessments does not detract from the fact that the notice was sufficient to apprise her that unless she paid the seven installments on the purchase price, aggregating $70, her rights under the contract would be forfeited.

Because respondent refused to accept the $60 unless the full amount demanded by it was paid, it is argued that Mrs. Dugan was excused from making a tender of the amount conceded to be due—$70. [7] The general rule is that the party making a tender acts at his peril, and must see to it that the amount tendered is large enough, where, as here, the correct amount is not within the exclusive knowledge of the tenderee. (5 A. L. R., p. 1232, note to *Graves* v. *Burch.*)

[8] By demanding more than was due from the vendee— if it did demand more than was due—respondent may have waived the formal requisite of a tender, such, for example, as the actual production of the money, but it did not waive an existing capacity and willingness to perform. That is to say, though the refusal of respondent to accept less than the full amount demanded by it may have excused the actual production by Mrs. Dugan of $70 in money, it did not make an offer to pay but $60 the equivalent of a tender of $70— the amount which it is conceded was necessary to be paid

by the vendee in order to comply with the terms of her contract. Respondent's refusal to accept less than the full amount demanded by it did not influence Mrs. Dugan to forbear making a tender of what she now claims was the only proper amount payable by her. It cannot be said that respondent waived a tender which it had no reason to expect. Neither party seems to have thought, when the offer to pay $60 was made, that respondent's demand included any improper item; and there is quite as much reason to hold that respondent would have accepted the sum legally demandable, assuming that that amount was $70, as that Mrs. Dugan would have paid it. (See *Loewenberg* v. *Arkansas etc. Ry. Co.*, 56 Ark. 439 [19 S. W. 1051], *Bolton* v. *Gifford & Co.*, 45 Tex. Civ. App. 140 [100 S. W. 210], and *Lamar* v. *Sheppard*, 84 Ga. 561 [10 S. E. 1084].)

There is no evidence of bad faith on respondent's part. **[9]** The mere fact that it may have been in error in supposing and declaring that unless it were repaid the amount of the assessments it would consider the rights of the vendee foreclosed does not necessarily indicate bad faith.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Works, J., and Craig, J., concurred.