[Civ. No. 6813. First Appellate District, Division Two.—June 19, 1929.]

R. J. PALMER et al., Respondents, v. SUSAN McARTHUR et al., Appellants.

Henry Holsinger for Appellants.

Herbert V. Keeling, Clarence W. Morris and W. D. L. Held for Respondents.

NOURSE, J.—Plaintiffs sued to quiet title to certain real property on the theory that the defendants had forfeited their interest under a contract of sale. The cause was tried before the court without a jury and resulted in a judgment for plaintiffs, from which the defendants have appealed on typewritten transcripts.

The plaintiff Palmer, who is the real plaintiff in interest, was doing business under the fictitious name of the Clear Lake Beach Company. On November 29, 1924, this company executed with the defendants a contract of sale of lot 141 in the town site of Lucerne, Lake County, for the sum of $2,000. On August 19, 1925, a similar contract for the sale of lot 140 in the same town site was executed by the same parties. Both contracts called for the payment of $733.33, with the balance to be paid, with interest, at the rate of $50 a month. Both contracts contained the usual stipulations as to time being of the essence, delivery of possession, and the manner and conditions under which the seller might exercise the right of forfeiture in case of default in payment. Both contracts also contained a stipulation that the buyer could not assign his interest without the seller's consent. The original payments were made as required and subsequent payments of $50 followed generally within the times specified during the first eight months, and four or five of these monthly installments were received after the due dates fixed in the contracts..

On August 9, 1926, defendant York assigned to his codefendant his interest in lot 140, and, at the same time, the defendant McArthur assigned her interest in lot 141 to him. Both assignments were made without the consent of the seller and at a time when the buyers were actually in default. Both assignments were made for the express purpose of enabling each defendant to obtain exclusive title to a single lot. On the same day that these assignments were made the defendant York deposited with the Lake County Title and Abstract Company the sum of $700 to clear his title to lot 141. The title company deducted $10 for expenses and forwarded to the seller $690, which was the full amount then due upon the purchase of that lot. The seller credited this amount on its books as paid upon the contract covering lot 140, but nevertheless noted lot 141 as paid in full and thereafter issued its deed conveying to defendant York clear title to lot 141.

The disputed question of fact arises from the testimony of the defendant McArthur that on August 28, 1926, she left Lucerne for Los Angeles, arriving there on the 29th. That on the 30th she personally appeared at the main office of the Clear Lake Beach Company in Los Angeles and paid

over the counter $690 in ·cash on lot 140. There was received in evidence a printed receipt bearing the printed signature of the company and the typewritten signature of A. J. Dixon, who was a company employee. This receipt acknowledged payment of $690 on the contract covering lot 140 and was dated August 30, 1926. Opposed to this is the testimony on the part of the employees of the company that the money was not paid into the Los Angeles office, or at all; that only one payment of $690 was received at any time on account of the contracts for both. lots, and that the receipt was not issued to Mrs. McArthur by Mr. Dixon or by anyone in the company's employment. The trial court found adversely to defendants on this issue and the testimony is in such conflict that we must accept the finding as controlling on this appeal.

If this payment had been made, as ·claimed by the defendants, the subsequent tender of the balance, which would then have been due, would have protected defendants' interest in the property; but without that payment the defendants were unquestionably long in default and the plaintiffs were entitled to enforce the forfeiture clause of the contract. With the court's finding on the issue of payment it follows as of course that the tender was insufficient in amount, notwithstanding any question as to the time within which it was made, and it is unnecessary to discuss the attack upon this finding.

It is argued that the seller had waived its right to claim a forfeiture by accepting numerous payments on both contracts after such payments were due. The rule is that when the entire course of conduct between the parties has amounted to a waiver by the vendor of the portion of the contract making time of the essence the vendor may not declare a forfeiture unless the vendee has been given reasonable notice of the election to insist upon the terms of the contract. (*Adams & McKee Land Co.* v. *Dugan,* 68 Cal. App. 226, 231 [228 Pac. 681].) But what is a reasonable time is primarily a question of fact for the trial court, the determination of which must depend upon the facts of each particular case. (*Hoppin* v. *Munsey,* 185 Cal. 678, 684 [198 Pac. 398].) In making its finding adverse to appellants on this issue the trial court had before it all the facts and circumstances of the business transactions between the

parties, including the asserted claim of the appellants that they had paid on the contract $690 on August 30, 1926. Having found that this payment was not made, and that appellants' breach of the terms of the contract was wilful, intentional and with full knowledge of the amount actually due, the inference naturally follows that the matter of days within which the notice of election demanded compliance with the terms of the contract was of no significance. We may not, therefore, say that the trial court was in error in holding that a reasonable time for compliance had been given the appellants, or in refusing to relieve them from the forfeiture under the authority of section 3275 of the Civil Code, because the facts here show that the forfeiture was the result of appellants' wilful or fraudulent breach of duty, in which case relief from forfeiture is expressly denied by the terms of that section.

Complaint is made of the order of the trial court overruling appellants' general demurrer to the complaint on the ground that it did not allege that the land was worth the price paid, or that such price was in fair proportion to the value of the land. Cases supporting the rule that such allegations are necessary in actions for specific performance of contracts for purchase of land are cited to the point. If this rule were applicable in any sense to an action to quiet title, such as we have here, the appellants have not been harmed by the ruling, because the question of value was put in issue by their cross-complaint and was fully tried without objection on their part. (*Tietke* v. *Forrest,* 64 Cal. App. 364, 367 [221 Pac. 681]; *Stein* v. *United Railroads,* 159 Cal. 368, 370 [113 Pac. 663].)

Finally, it is argued that the trial court should have granted appellants' motion for a new trial on the ground of newly discovered evidence. The motion was based on affidavits alleging that two affiants entertained Mrs. McArthur in Los Angeles August 29th and 30th; that she showed them a large roll of bills, totaling in all "about $690"; and that on August 30th she showed them a receipt of the Clear Lake Beach Company for payment of $690 "on account of contract No. 5366." The affidavits of the appellants disclosed that this evidence was known to them long before the cause was determined. Aside from the fact that the proffered evidence was merely cumulative, and came in

such a way as to be viewed with grave suspicion, the appellants failed to show the diligence in producing the evidence which the cases require must be shown.

The judgment is affirmed.

Koford, P. J., and Sturtevant, J., concurred.