**James ATHANS, Appellant,**

**v.**

**Harlan Ray JONES et al., Appellees.**

**No. 15609.**

Court of Civil Appeals of Texas.

Fort Worth.

March 25, 1955.

Ernest May, Fort Worth, for appellant.

Stone, Agerton, Parker & Kerr, and Walter E. Jordan, Fort Worth, for appellees.

BOYD, Justice.

Appellant James Athans appeals from a judgment dismissing as prematurely brought his suit for debt and foreclosure of a chattel mortgage lien.

In April, 1952, appellees Harlan Ray Jones and Paul Finley bought a cleaning and pressing business from Jack A. Hoote. They assumed Hoote's note payable to Riverside State Bank for $2,631.79, payable in monthly installments of $126.14, including interest, and executed to Hoote's order a note for $5,815.21, with interest at seven per cent, payable in monthly installments of $58.15 "until the full balance is paid upon the note owing to the Riverside State Bank at the present time which has a present balance of Twenty-Six Hundred Thirty-One and $^{79}/_{100}$ Dollars at which time

the payments shall begin and continue at the rate of $158.15 a month until this note is fully paid." The Bank held a first lien on the establishment's equipment to secure the $2,631.79 note; the $5,815.21 note was secured by an inferior lien on such equipment. Hoote pledged this note and lien to appellant. Finley bought Jones' interest in the business. Finley paid Athans $58.15 each month until June, 1954. About June 19, 1954, Finley mailed to Athans a check dated June 18, 1954, for $158.15, which was dishonored by the Bank. Athans filed suit on June 25, 1954. There was then an unpaid balance on the Riverside State Bank note of $298.66.

The court found that Finley made the June 18, 1954, check in the sum of $158.15 because of appellant's insistence on the increased payment. The court further found that since the Riverside State Bank note had not been fully paid, only the sum of $58.15 was due to appellant; that because of appellant's insistence on the increased payment, he had implied his refusal to accept the sum of $58.15; that no tender of that sum was made by Finley, and no tender was necessary; and that Finley was therefore not in default of the payment due June 1, 1954.

Finley testified that about the first of January, 1954, appellant started calling him once or twice a day, insisting that he bring the payments up to $158.15; that appellant kept up such insistence until the transaction in June; that the only reason he made the June check for the sum of $158.15 was because appellant was "hounding" him so much about it; that he did not tender $58.-15 to appellant in June; and that he had not tendered any money since he gave the check for $158.15.

Finley's bank statement showed that on June 18, 1954, his balance was $30.31; on June 19, it was $29.31; on June 21, it was $65.81; and on June 22, the day the $158.-15 check was dishonored, his balance was $63.27.

The record does not disclose the interest rate on the note to Riverside State Bank; but at the highest legal rate, it would appear

that had the monthly payments of $126.14 been made as they accrued, that note would have been paid in full before June 1, 1954.

Appellant's points for reversal are that the court erred in finding that $158.15 was not due June 1, 1954; in finding that Finley was not in default of the installments due in June and succeeding months; and in holding that appellant's demand excused tender of $58.15.

■ "Tender of payment of a debt at maturity is necessary if the debtor would save himself from default." 40 Tex.Jur., p. 840, sec. 3. Where the debtor is ready and willing and offers to pay what is due, the actual production of it is unnecessary when the creditor declares that he will not accept it. Mercer v. McMurry, Tex.Civ. App., 229 S.W. 699; Texas Auto Co. v. Clark, Tex.Civ.App., 12 S.W.2d 655.

There is no contention here that tender of the amount due is not excused if it plainly appears that the creditor will not accept less than his excessive demand. In arguing that it was unnecessary for him to tender $58.15 in June, Finley cites 40 Tex.Jur., p. 841, sec. 4, wherein it is said, "although the debtor is not excused from tendering payment by reason of the creditor's exorbitant demand, tender is excused when the demand for payment of a sum greater than that which is due under a contract implies a refusal to accept the sum which is due." The only case cited in the text is American National Ins. Co. v. Allen, Tex.Civ.App., 226 S.W. 823. In that case the agent of the debtor actually offered to pay the amount due, and was told it would not be accepted. Finley also cites Gulf Pipe Line Co. v. Nearen, 135 Tex. 50, 138 S.W.2d 1065, and Kinzbach Tool Co., Inc., v. Corbett–Wallace Corporation, 138 Tex. 565, 160 S.W.2d 509. In the Gulf Pipe Line case, the court said [135 Tex. 50, 138 S.W.2d 1068]: "The defendants in error's refusal to accept the principal without interest from the time the oil was run makes a formal tender unnecessary and is equivalent to a valid tender." In the Kinzbach Tool Company case, it was said [138 Tex. 565, 160 S.W.2d 514]: "It appears that

when the first installment of $2,500 became due on this contract, Kinzbach tendered to Corbett, in payment thereof, the sum of $1,500. This was all that was due, because Kinzbach had a right to deduct therefrom the $500 Turner had received on the $2,500 cash payment it had made and the $500 Turner was to receive out of the proceeds of such installment. Corbett absolutely rejected such tender, * * *."

We think the true rule is that an exorbitant demand does not excuse a tender of the amount actually due. "A formal technical tender is not dispensed with by a mere assertion, without more, of a lien or claim in excess of the actual amount due, since a tender of the proper sum might be accepted." 86 C.J.S., Tender, § 5, p. 561. In Bolton v. G. C. Gifford & Co., 45 Tex. Civ.App. 140, 100 S.W. 210, it was held that the fact that the holder of a note made an excessive demand on the sureties thereon did not excuse them from tendering the correct amount due. See also Loewenberg v. Arkansas & L. Ry. Co., 56 Ark. 439, 19 S.W. 1051. In Jester v. Bainbridge State Bank, 4 Ga.App. 469, 61 S.E. 926, 929, where the debtors answered that the creditor bank had agreed to extend a $2,000 note if the makers would pay $560, and the bank demanded $2,000 when the note became due, the answer was held insufficient, the court saying, "they would not have been relieved from their duty to tender payment, until it was unequivocally made to appear that the plaintiff, with its attention directed to the contract, had said or done something which demonstrated that an actual tender would be nugatory." In Indiana Bond Co. v. Jameson, 24 Ind.App. 8, 56 N.E. 37, 38, in ruling upon the sufficiency of a pleading attempting to assert that a tender would have been unavailing, the court said: "And while it is true that in the demand made by appellant there were included amounts which the law holds appellant knew were unlawful demands, and while it is alleged that appellee was at all times ready and willing to pay the full amount of the claim,

principal and interest, yet these facts are not sufficient to support the conclusion that appellant refused to receive less than a certain sum. If it be the fact that before suit appellee offered to pay the amount legally due, and it was refused, or was told before it was made that such an offer would not be received if made, or was told that nothing would be received unless the whole or a part of the unlawful demand was paid, or was told that the amount named in the pleading was the least that would be accepted, it was not necessary to make a tender of any sum. It may be true that appellant would have accepted nothing unless a part, at least, of the unlawful demand was paid; yet it is only by conjecture that that conclusion can be reached. * * * It cannot be said that the answer states as a fact that an offer to pay any sum was made and was refused, or states facts from which it must necessarily be said that a refusal would have followed an offer to pay."

It must be borne in mind that Finley testified that appellant's insistence on the increased payment started early in January and was continued on down to the time of the issuance of the June 18th check. There is no evidence or intimation that he was any more insistent in June than in January. Appellant did accept a $58.15 payment in January, and also in February, March, April, and May. Some of the checks were dishonored, but he accepted others in their stead. We think appellees failed to excuse their failure to tender $58.15 in June.

We pretermit a discussion of whether the contract deferring the increased payments meant that appellees could postpone indefinitely or forever their maturity by refusing to pay the Riverside State Bank note; and of whether the June 1st payment was in default before Finley attempted to make the $158.15 payment on the 18th.

For the reason indicated, the judgment is reversed and the cause remanded.