C. G. GASTON, Appellant, v. CHARLES HORN, Defendant, Appellee. EFFIE GASTON, Intervenor, Appellant.

**Homestead:** ESTABLISHMENT: OCCUPANCY. Merely sleeping in an uncompleted house is not sufficient occupancy to constitute a family homestead, where the act was not inconsistent with the purpose of having a temporary sleeping place, and the owner continued to pay rent for another house where he resided and got his meals,

although he may have intended to complete the house and subsequently occupy it.

**Real property:** CONTRACT: NOTICE OF FORFEITURE: SUFFICIENCY. A notice of forfeiture of a contract providing that if plaintiff should fail to fulfill the terms of said contract, specifying the amount due, a forfeiture would be declared was sufficient, even though the amount specified was to be paid partly in cash and partly by assumption of a mortgage on the premises; as the requirement of the vendee was to fulfill the terms of the contract. And it was not insufficient on the ground that it was a mere threat to declare a forfeiture; as the statute merely requires that the notice shall be a declaration of intention to forfeit the contract.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, DECEMBER 10, 1912.

IN June, 1908, plaintiff entered into a contract with F. T. True for the purchase of lots seventeen and eighteen in block nine of Benson's addition to Council Buffs for the sum of $300, of which $25 was to be paid January 1, 1909, and the remainder later. On December 14, 1908, the defendant, Horn, furnished plaintiff $185, of which $25 was paid to True on the contract, and $150 to plaintiff, with which to complete the house on the lots, the $10 to be retained for expense of recording and the like, and by agreement defendant took a deed of the lots from True, and executed to True a mortgage thereon securing the unpaid purchase price of $275. At the same time defendant entered into a written contract with plaintiff, reciting "that defendant, Charles Horn, has sold the plaintiff for the sum of four hundred sixty dollars ($460.00), to be paid as follows: One dollar ($1.00) cash, pay one hundred eighty-five dollars ($185.00) in eighteen months from the date, and assumes and agrees to pay a mortgage given to F. T. True as security for a note of two hundred seventy-five dollars ($275.00), with 6 per cent. interest, and also containing the clause that time of payment was the

essence of the contract, and the usual covenant of conveying the title to said premises, by defendant Charles Horn, to C. G. Gaston, upon the performance of said written contract.''

The plaintiff paid the taxes and also the interest on the mortgage to True, but omitted to pay the $185 owing plaintiff, and on August 10, 1910, defendant caused to be served on plaintiff a notice reciting the amount owing on the contract, his readiness to execute it, and adding: ''You are further notified that after thirty days from receipt of this notice by you that the said Charles Horn will declare a forfeiture of all your right, interest, and title to said property named above and the contract hereinbefore referred to, as shown by Exhibit A hereto attached. Should you fail within said time to fulfill your terms of said contract to the amount of five hundred dollars ($500.00), due the said Charles Horn, and costs of serving of this notice, the said Charles Horn will then declare a forfeiture of said contract as provided by law.'' The plaintiff failed to perform, and on this state of facts plaintiff prayed that the deed from True to defendant be declared a mortgage, for an accounting, and that title be quieted in him. The defendant demanded that the petition be dismissed, the contract between him and plaintiff be canceled, that title be quieted in him, and that he be awarded a writ of possession.

Effie Gaston intervened, alleging that at and prior to the transactions on December 14, 1908, she was the wife of and living with plaintiff, that with her family she was occupying the premises as a homestead, and that she had joined in the execution of none of the papers mentioned. She prayed that the homestead be protected, and the claim of plaintiff be decreed not to be a lien thereon. Another action was brought by defendant at about the same time, but was consolidated with this. On hearing, the petition and petition of intervention were dismissed, and title quieted in defendant as prayed. Both defendant and intervener appeal.—*Affirmed.*

*Thomas Q. Harrison,* for appellants.

*John Fletcher,* for appellee.

LADD, J.—The plaintiff had purchased two lots of True, and afterwards arranged with Horn to pay True $25 on the price, and procure a deed thereof from True, and execute to him a mortgage thereon to secure the remainder of the purchase price. This was done, and, having loaned plaintiff $185 in addition thereto, defendant executed a contract to convey the lots to plaintiff upon the payment of the $185, with interest, in eighteen months, the grantee to assume the mortgage to True. The plaintiff's wife did not join in these transactions, and in her petition of intervention alleged that the premises were the homestead of herself and family, and prayed that it be protected against the claim of defendant. Whether it was such, and whether the contract described was forfeited, are the only issues submitted for review.

I.   The testimony bearing on the occupancy of the premises as a homestead is not such as to warrant interference with the decision of the trial court that it was not so occupied. Plaintiff and his sons may have slept there previously, and a trunk, some bedding, and possibly other articles, may have been taken there from the house near by where they lived; but the house was not then habitable. Only a part of the roof was on, and the windows were uncased. According to one witness, who is undisputed, the doors and windows were nailed in during the winter, and plaintiff admitted he did not sleep there when "too awful cold." He continued to pay rent for the place where he had resided and get his meals there, though he explained that the payment of rent was for his daughter and son-in-law. Merely sleeping in a roofless house is not alone sufficient occupancy of the premises to constitute them a homestead, any more than sleeping in a tent, or with only the skies above. It is entirely consistent with another pur-

1. HOMESTEAD: establishment: occupancy.

pose, as that of having a temporary place to sleep, and that it was so used is confirmed by the testimony. The design in borrowing the money was to complete the house therewith, so as to render it habitable, and the district court rightly held that he did not enter into its occupancy as a home until the spring of 1909. The case is readily distinguishable from *Neal v. Coe*, 35 Iowa, 407, which involved the change of homesteads, and, of course, some time was required to effect such change, and according to subsequent decisions this is a reasonable time. *Robinson v. Charleton*, 104 Iowa, 296; section 2981, Code. Here the inquiry is: When did the homestead character first attach? And, as said, this was long after the transactions under consideration, and when actually occupied as such.

II. The notice of forfeiture described the contract, and indicated that, if plaintiff should "fail to fulfill the terms of said contract, the amount of $500, due

2. REAL PROP-
ERTY: contract: Charles Horn, and costs of serving of this no-
notice of for-
feiture: suf-   tice, the said Charles Horn will declare a for-
ficiency.
feiture of said contract as provided by law."

Counsel for appellant argue that this exacted payment of the $500 to Horn. Not so, for it merely called upon the vendee to fulfill the terms of the contract, which were that he pay the $185, with interest, and assume the payment of the $275 to True. It is said that the notice of forfeiture merely threatens to declare a forfeiture, but none is shown to have been declared. All the statute requires is that the notice "shall contain a declaration of an intention to forfeit said contract, and the reason therefor." Defendant's cross-petition for cancellation was sufficient declaration of forfeiture.

The decree quieting title in defendant is *Affirmed*.