[No. 17496.  Department Two.  November 22, 1922.]

C. H. HARRIS, *Respondent*, v. SEATTLE LAND & IMPROVEMENT COMPANY, *Appellant*.[1]

VENDOR AND PURCHASER (1) — CONTRACT — CONSTRUCTION — SALE DISTINGUISHED FROM OPTION. A receipt for the first installment on the purchase of land, reciting that it is in payment of an "option" to purchase, but which contains all the terms of the contract and was treated as an agreement for that purpose, may be specifically enforced as a contract of purchase and sale.

SAME (53)—RESCISSION BY VENDOR—ELECTION AND NOTICE—SUFFICIENCY. A vendor's notice of election to declare a forfeiture of a contract for the purchase of land, on account of defaults in the payment of monthly installments, unless a specified sum was paid on a certain date, is not abortive because too large a sum was demanded, where it clearly showed an intent to cancel the contract.

SAME (49) — RESCISSION BY VENDOR — CONDITIONS PRECEDENT — TENDER. A tender of a deed is not essential upon the vendor's notice of an election to declare a forfeiture, unless delinquent payments were made, where the time for final payment had not arrived.

PLEADING (150)—JUDGMENT ON PLEADINGS—ADMISSIONS. It is error to enter judgment on the pleadings where an affirmative answer tendered issues of fact to be disposed of after evidence received.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered May 3, 1922, in favor of the plaintiff on the pleadings, in an action for specific performance, tried to the court. Reversed.

*Fred W. Catlett,* for appellant.

*Osmond Walker* and *C. W. Strother,* for respondent.

[1]Reported in 211 Pac. 282; 214 Pac. 1066.

Hovey, J.—Respondent brought this action for the specific performance of the following agreement:

"$20.00          Seattle, Washington, May sixth, 1918.

"This is a receipt, executed in duplicate, for Twenty and no/100 Dollars, this day paid to the undersigned by Clarence H. Harris of King county, state of Washington, with the following understanding, to wit: Whereas, said Clarence H. Harris has this day selected Lots Five (5) and Six (6) in Block Three (3) of Marco's Addition to the city of Seattle, and desires to purchase the same, for the sum of Five Hundred Seventy Five Dollars, and has paid for the option so to do, the sum of Twenty and no/100 Dollars; Now, Therefore, if the said Clarence H. Harris shall, in addition to the sum of Twenty and no/100 Dollars, for which this receipt is given, pay to the undersigned, its successors, or assigns, the sum of $555 on monthly payments of $10 on the 6th day of each and every month hereafter until paid in full, with interest thereon at the rate of seven per cent per annum, payable monthly until paid, then in that case, the undersigned agrees to give said Clarence H. Harris or his assigns a warranty deed to said property above described; excepting however a warranty against all taxes levied on said property for the years 1918 and all succeeding years, which the said Clarence H. Harris is to pay if said purchase is made.  The entire balance, or any portion thereof in excess of the payments provided may be paid at any time.

"Time is of the essence of this agreement, and a failure on the part of the said Clarence H. Harris to make either of the above payments within the time herein specified for making thereof, shall, without notice, work a forfeiture of all rights of said Clarence H. Harris or his assigns, under this receipt, and all payments made by him or his assigns thereunder shall be forfeited and become the property of the undersigned and absolutely freed from the equitable encumbrances created by this receipt, it being expressly understood that in case of the failure of said purchaser to make said payments at the time and in the manner provided, no proceedings whatever,

in law or equity shall be necessary to work a forfeiture of the instalments already paid, or the right to purchase said property. No assignment or transfer of this agreement, or any interest therein shall be valid or binding upon the Seattle Land and Improvement Company without their consent in writing.

"Title insurance to be delivered when $287 has been paid.

"All payments to be made to Seattle Land & Improvement Company at Seattle, Washington.

"Seattle Land and Improvement Company,
"By F. E. Sander, President.

"I have read and understand the foregoing receipt, and hereby agree to accept all of the provisions, terms and conditions as therein stated.

"(Signed) C. H. Harris."

He alleged payments as follows:

| | |
|---|---|
| May 6th, 1918 | $20.00 |
| May 12th (year not stated) | 5.00 |
| April 4th, 1919 | 10.00 |
| April 29th, 1919 | 5.00 |
| June 21st, 1920 | 101.44 |
| October 14th, 1918 | 10.00 |
| June 6th, 1918 | 10.00 |
| December 11th, 1918 | 10.00 |
| Aug. 6th (year not stated) | 20.00 |
| Total | $191.44 |

The complaint alleged that respondent erected a house upon the property described in the contract of the value of $2,500 at a time when he was in default in his payments, and that on December 30, 1921, he tendered to the appellant the sum of $560, being the balance due upon the contract, but that appellant refused to make conveyance.

Appellant demurred to this complaint, and its demurrer being overruled, answered, admitting the con-

tract, the payments and the tender, but denied the value of the house, and alleged affirmatively that there was erected a mere shell of a house and did not exceed in value $600, and that it was erected immediately upon the giving of the receipt and prior to the delinquency in the making of payments. By affirmative defense and cross-complaint, appellant alleged that the respondent became delinquent in his payments, and that, on May 17, 1921, appellant notified respondent that the latter was in default and that unless full payments were made by June 1, 1921, all of respondent's interest in the land would be forfeited, and he was notified to vacate the premises. It is further alleged that, at the special request of the respondent, the time for the payment of delinquencies was extended to June 15, 1921, but that respondent continued in default and made no tender until December 30, 1921. It is further alleged that respondent moved out of the premises and abandoned the same and appellant found the same vacant and abandoned and took possession and thereafter sold said property to one Mary McCumber, and that the latter has fixed up and improved the same and her interest was of record and known to the respondent long prior to this suit.

Respondent replied, denying the giving of the notices alleged in the answer and denied that he abandoned the property. Thereafter respondent moved for judgment on the pleadings, and by stipulation two letters from appellant to respondent and the letter from respondent to appellant referred to in the answer were attached thereto as exhibits to be considered by the court upon the motion, and the court thereupon granted respondent's motion and made findings of fact and conclusions of law in accordance with the allegations of the complaint and rendered judgment in favor of the respondent for specific performance.

The letters or notices given by appellant and referred to in the answer are as follows:

"May 17, 1921.

"You are in arrears in the sum of $530.85, principal and interest on your contract for the purchase of Lots 5 and 6, Block 3, Marco's Addition, King county, Washington.

"And you are further notified that unless you pay said sum due as aforesaid on or before the first day of June, 1921, your contract will be forfeited, and the undersigned hereby elects to declare said contract forfeited on the said first day of June, 1921, and in case of non-payment on said date, you are hereby required to vacate said premises and deliver up possession of the same to the undersigned.

"Kindly be governed accordingly."

"May 26, 1921.

"You are hereby notified that forfeiture notice of contract under date of May 17, 1921, taking effect June 1, 1921, is hereby extended for a period of fifteen days, namely: to June 15, 1921.

"Kindly be governed accordingly."

And the letter from respondent which secured the extension reads as follows:

"May 25, 1921.

"I am in receipt of a letter sent me by my wife calling for a settlement of my contract on or before June 1, 1921. I would like to ask you to please be kind enough to extend this matter to the 15th of June as I am under a contract with the above parties setting some machines and cannot possibly get home before that date. As soon as I arrive in Seattle I will attend to this matter and try to comply with your request. Hoping this letter will comply with your request and trusting you will grant the stay of these few days, I remain."

We consider that the findings and conclusions of the trial court should not be considered, as no evidence was received and the questions are purely of law arising upon the pleadings.

Appellant first contends that this receipt or contract is a mere option which can be kept alive by making the payments called for, but as it contains no obligation on the purchaser to make the payments it should not be treated as a contract of purchase of real estate. A good many authorities are cited, but however persuasive we may consider their reasoning we consider that this question is settled in this state by our decision in *Wright. v. Suydam*, 72 Wash. 587, 131 Pac. 239, followed in *Asia Investment Co. v. Levin*, 118 Wash. 620, 204 Pac. 808. In the *Wright* case, *supra*, the initial payment only had been made and the contract was signed only by the seller. In this case the parties treated the contract as one for the purchase of real estate by paying and receiving a succession of installments under the contract.

Treating the contract as one for the purchase of real estate, and the seller accepting payments after the contract was in default, it was the duty of appellant to give notice of forfeiture before electing to declare default. It is admitted that the notice as given called for too much money and that the contract did not default by its terms until some time in the year 1923, and the question arises whether this error of appellant robbed the notice of the effect it would otherwise have given to it. We think not. The mere fact that a party asked too much does not deprive him of the right to get what is due, and by these notices appellant clearly showed an intention to cancel the contract, and the letter from respondent tends to show that he so understood it. No special form of notice is necessary, provided the defaulting purchaser is fairly apprised of the intention of the seller to claim default and is no longer lulled into security by failure of the seller to act. 39 Cyc. 1386; *Moran & Co. v. Palmer*, 36 Wash. 684, 79 Pac. 476; *Kiefer v. Carter Contracting & Haul-*

*ing Co.,* 59 Wash. 108, 109 Pac. 332. But it is claimed that, as no tender of deed was made by the seller, forfeiture cannot be claimed. The time had not arrived for final payment and this was not necessary. *Reard v. Ephrata Orchard Homes Company,* 78 Wash. 180, 138 Pac. 678.

The answer further plead abandonment, and these affirmative allegations denied by the reply presented issues of fact which should have been disposed of after evidence was received.

The judgment rendered was erroneous and the cause is reversed for further proceedings in accordance with the views herein indicated.

PARKER, C. J., FULLERTON, and MAIN, JJ., concur.

### ON REHEARING.

[*En Banc.* May 4, 1923.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the judges are of the opinion that the case was correctly disposed of by the decision of Department Two, and for the reasons there stated, the judgment is reversed as there indicated.