(No. 15079.—Judgment affirmed.)

THE MONTANA WHEAT LAND COMPANY, Appellant, *vs.*
THE NORTHERN PACIFIC RAILWAY COMPANY, Appellee.

*Opinion filed June 20, 1923.*

1. CONTRACTS—*when notice of intention to declare forfeiture is sufficient.* The vendee in a contract for a conveyance cannot complain that the vendor's notice of his intention to declare a forfeiture is not sufficient because it does not correctly state the amount for which the vendee is in default, where the contract provides that time is of the essence thereof and does not provide what shall constitute a notice of default further than that it shall be a notice in writing giving the vendee thirty days in which to make up the default and where the vendee does not tender any amount within that time.

2. SAME—*when vendee cannot avoid forfeiture by demanding conveyance of portion of premises according to contract.* Although a contract for a conveyance provides that upon payment of certain specified amounts the vendee shall be entitled to certain tracts, respectively, of the premises to be conveyed, the vendee, who is in default in payment of installments of the purchase price, cannot avoid a forfeiture by demanding that his initial payment be applied on a certain tract, where the contract provides that time shall be of the essence thereof and in case of default all payments made shall be forfeited.

3. SAME—*when a party subrogated to rights of vendee cannot complain of misrepresentations.* Where an agent contracts to sell land which he does not own and which he has not yet contracted to buy, his vendee cannot complain of his misrepresentations as to ownership, where the agent subsequently, by a contract dated prior to the vendee's contract with him, contracts for a conveyance from the owner on the identical terms as contained in the vendee's contract, and where the vendee, after making the initial payment to the agent, makes his other payments to the owner of the land and claims subrogation to the rights of the agent.

4. SAME—*when statute does not protect the vendee from forfeiture—pleading.* A statute of another State providing that a party who has incurred a forfeiture may be relieved therefrom upon making full compensation except in case of a grossly negligent or willful breach, will not protect a vendee who is in default in paying installments under a contract for a conveyance which provides that time shall be of the essence thereof, where he does not allege and prove such special circumstances for relief as ap-

peal to the conscience of a court of equity, but merely alleges, by way of conclusion, that he has not been grossly negligent or guilty of willful or fraudulent breach of duty.

5. STATUTES—*statutes of another State will be applied as therein construed.* In applying statutes of another State the construction placed thereon by the courts of that State will be adopted by the courts of Illinois.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

STEBBINS, GARY, L'AMOREAUX & HURTUBISE, for appellant.

WINSTON, STRAWN & SHAW, (SILAS H. STRAWN, WALTER JACOBS, and RICHARD H. HOLLEN, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a bill in chancery in the superior court of Cook county against appellee and Thomas F. Danaher. After demurrer thereto was filed and sustained, an amended and supplemental bill was filed charging that on the 13th of August, 1913, appellant entered into a contract bearing date July 1, 1913, with Danaher, for the purchase of something over 80,000 acres of land in Montana for the express consideration of $1,105;566.41; that at the time this contract was made with Danaher he did not have title to the land but was negotiating with the owner, the appellee railway company, for purchase thereof; that he represented to appellant that he had a contract with the railway company; that relying upon such representations appellant made its contract with Danaher, and from time to time between August 14, 1913, and March 14, 1914, paid the sum of $70,000 on the contract, the first check for $10,000 being made payable to the order of Danaher, who indorsed the same and

delivered it to the railway company; that thereafter the checks made for the balance of the sum of $70,000 were made payable to the railway company; that on March 14, 1914, the railway company entered into a contract with Danaher, which contract, however, bore date July 1, 1913; that by it the railway company agreed, for the consideration of $964,833.96, to sell to Danaher the land contracted for by appellant; that prior to that time Danaher had no interest in the land but the land at all times was the property of the railway company; that the railway company received the sum of $70,000 with full knowledge that the several sums making up that amount were paid by appellant, while appellant believed that Danaher had a contract with the railway company for the purchase of the land; that on or about the 10th of July, 1915, the railway company delivered to Danaher, and also to appellant, a certain pretended notice of its election to forfeit the contract between it and Danaher, and the bill charges that the notice was insufficient.

The contract between Danaher and the railway company, after excepting and reserving to the vendor the right to mine the coal in the land, provides that payment shall be made in the sum of $70,000 at or before the execution of the contract, receipt of which is acknowledged, the remaining payments to be divided into installments running over a period of five years; that in case default be made in payment of principal or interest, or payment of taxes or assessments, or in the performance of any of the covenants of the contract, and such default continue for thirty days after written notice has been given to the purchaser, then the contract, at the option of the vendor, shall become null and void and all payments made or improvements put upon the land shall become the absolute property of the vendor. The contract stipulated that time was of the essence thereof; that upon full performance by the purchaser a deed of conveyance was to be made upon surrender of the contract. It was provided that in case deeds to certain parcels of land

were desired during the pendency of the contract the same should be had under the following provision: "In advance of final payment, deeds of one or more of the parcels described in separate lines in schedule A, attached and made a part hereof, may be procured on payment of the amount set opposite each parcel in said schedule, with interest at six per cent per annum to the date of such payment, and all principal payments made for deeds under this provision shall be applied, eighty per cent to the installment of principal next to fall due after such payment, twenty per cent distributed equally and applied on all the remaining installments of principal then unpaid, and payments of interest shall be applied to the interest account." Schedule A referred to in this provision listed the land in certain parcels, with the price at which the same might be taken over during the pendency of the contract.

The bill further alleges that under the true construction of the clause of the contract herein set out, Danaher had the right to take over parcels of land aggregating $70,000 already paid, and that pursuant thereto both appellant and Danaher notified the railway company of the tracts of land appellant desired to take under that construction of the contract, but that the railway company refused to convey the same but claimed the $70,000 under the forfeiture clause of the contract. It is further set out in the amended and supplemental bill that subsequent to the filing of the original bill appellant had learned that the railway company had disposed of the land, which had increased in value, and that the land selected by appellant had become of the value of $150,000. The bill alleges that under the statute of the State of Montana appellant had the right to relieve itself from forfeiture on making a full compensation to the railway company, and that since all the land had increased in value there was no loss to the railway company by such default, and that there was no negligence on the part of the appellant or Danaher which caused the default. The

amended bill charges that appellant is subrogated to the rights of Danaher under his contract with the railway company, and prays that the latter be compelled to specifically perform its agreement by conveying to appellant, as the assignee of Danaher, the land described in the demands which appellant and Danaher had made upon the railway company to the amount of the $70,000 paid, and that the compensation to be made to the railway company should be ascertained and determined by the court; that appellant have a decree against the railway company for the $70,000 and interest, or if none of the remedies prayed are available, that appellant have judgment against the railway company for $70,000 for money had and received. Appellee demurred to the amended and supplemental bill and the demurrer was sustained, and appellee abiding its demurrer, the bill was dismissed for want of equity as against the railway company and the cause proceeded to a hearing as between appellant and Danaher. On final decree the superior court held that appellant was subrogated to the rights of Danaher under his contract with the railway company, and that matter is not contested here. Appellant, however, appealed from the order of the superior court sustaining the demurrer of the railway company. The Appellate Court affirmed the decree in this particular, and the cause comes here on certificate of importance.

No question is raised here as to the right of appellant to be subrogated to the rights of Danaher under his contract with the railway company, but appellant complains of the judgment of the Appellate Court affirming the decree of the superior court in sustaining appellee's demurrer and dismissing the bill as to appellee.

Appellant contends, first, that the notice of forfeiture by the railway company was not valid in law; second, that appellant is entitled to specific performance as to that provision of the contract permitting it to take the land selected by it under schedule A of the contract to the amount of

the $70,000 paid, or if the land is sold, to receive the value therefor; and third, that irrespective of all other questions as to its right of relief, Danaher was guilty of fraud in representing that he had a contract from the railway company when, in fact, he did not have such a contract, and that this fraud was known to and acquiesced in by the company in accepting the payments made by appellant, and it is therefore bound to return to appellant the $70,000, with interest.

It is conceded that appellant's contract with Danaher is in substantially the language of Danaher's contract with appellee.

We will consider first the sufficiency of the notice served by appellee on Danaher and appellant, dated July 10, 1915. This notice recites the existence of the contract and the description of the land, and that whereas default has been made in the terms and conditions of the contract by failing to make payments in accordance with the terms thereof, and that the railway company has the right to declare a forfeiture of the contract and cancel and terminate the same, it elects to declare such forfeiture unless the conditions of the contract are complied with within thirty days from the date of service of the notice. The notice states that the amount required to be paid to re-instate the contract is $275,535.06, and interest on $195,000 from January 1, 1915, plus cost of service. Appellant claims that the demand is not justified by the contract, first, because it demands re-payment of the cost of service of the notice, which is not provided for by the contract; and second, that the demand is not lawful, in that it demands a greater sum than was due under the contract.

The contract provides that in case of default made in the principal or interest, or payment of taxes or assessments, or in the performance of any covenant of the same, which default shall continue for a period of thirty days after notice thereof has been given to the purchaser, then the agree-

308—40

ment, at the option of the vendor, shall be null and void and all improvements on the land and the buildings thereon shall remain the property of the vendor. The contract does not provide what shall constitute a notice of default further than that it be a notice in writing, and assuming that the amounts set forth as necessary to re-instate the contract are, as contended by appellant, not correct, the contract itself provides the measure of the payment necessary for re-instatement, and appellant, by tendering the amount shown to be due by the contract within the thirty days prescribed in the notice would have thus been able to avoid a forfeiture. It is not even contended by appellant that any attempt was made to make a tender of any amount, nor does the bill show that any payment other than the initial payment of $70,000 was ever made on the contract. Appellant's first contention cannot be sustained.

Appellant's second contention is, that it is entitled to certain tracts of land described in schedule A and demanded by it, equal to the amount of $70,000 paid. It appears from the bill that a demand for deeds to certain parcels of land amounting to $70,000 was not made until after notice of forfeiture had been served. By the contract the railway company agreed that the purchaser might procure deeds to one or more parcels of land as described in schedule A by the payment of the amount set opposite each parcel in the schedule, with six per cent interest to the date of payment. It provided that all principal payments made for deeds under this provision shall be applied, eighty per cent on the installment of the principal next to fall due after such payment, twenty per cent distributed equally and applied on all the remaining installments of principal yet unpaid, and payments of interest to be applied to the interest account. Appellant contends that notwithstanding default in payment of installments of the purchase price of the land, it may, nevertheless, have the initial payment applied on the land as priced in schedule A. We are of the opin-

ion that the language of the contract does not admit of such construction. It provides that all principal payments made for such deeds are to be applied, eighty per cent on the installment next to fall due after such payment and twenty per cent on the balance of installments not due. As we construe this language, the payments made under this provision are to be applied to the principal of the purchase money not due at the time appellant should take the deeds sought in its demand. This presupposes that payments due shall have been met when such deeds are made. As a number of payments were past due and default had been entered against appellant before any such demand was made, it would be an unwarranted construction of the language of the contract to say that although so much in default, and although under such default the appellee had a right to declare the entire contract null and void and retain the payments made, appellant is nevertheless entitled to recover value for all payments made. To so hold would be to render the forfeiture clause of the contract nugatory. It is evident that the parties intended by this language to require payments to the amount set opposite the various tracts, in addition to all payments due on the contract, before the vendee is entitled to withdraw any of the land from the contract and thereby from the effect of the forfeiture clause. Appellant having through Danaher's contract stipulated that in default of payments the contract should be forfeited, can not now, without the payment of additional sums, escape the effect of such forfeiture.

Appellant's third contention is, that since Danaher misrepresented to it that he had a contract when in fact he had not, which misrepresentation was known to the appellee, therefore appellant is entitled to the return of the money paid. We are unable to see how such misrepresentation, if made, has damaged the appellant. Danaher did secure a contract with the appellee, and it is admitted here that appellant is subrogated to all his rights thereunder. Appel-

lant knew that it was buying this land not of Danaher but of the railway company. All of its checks except the first one were made payable directly to the railway company. It had all of the benefits of the contract which Danaher claimed he had with the railway company, and had it kept up the payments provided therein there would have been no forfeiture. Its contract with Danaher was substantially in the language of Danaher's contract with the railway company, except that the purchase price was higher than in the railway company's contract. This contention is without merit.

Finally, appellant contends that under the Montana statute it is entitled to be relieved of the forfeiture. The Montana statute provides: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provision, he may be relieved therefrom upon making full compensation to the other party, except in case of a grossly negligent, willful or fraudulent breach of duty." Appellant's bill alleges that it was not grossly negligent and has not been guilty of willful or fraudulent breach of duty. Such averments are conclusions unless supported by averments showing that, in fact, it has not been grossly negligent. It, however, does not explain why it permitted the contract to be in default for more than a year and permitted installments aggregating over $250,000 to go unpaid. The mere fact that it states that it was not grossly negligent is not a good averment, and while the bill asks the superior court to determine how much is necessary to make compensation, no tender appears to have been made of any amount whatever, although the contract specifically states what payments are to be made and when due. Moreover, it is the universal rule that in applying statutes of a sister State, courts will adopt the construction placed thereon by the courts of that State. In *Clifton* v. *Willson*, 47 Mont. 305, the Supreme Court of Montana said of this

section: "Manifestly, therefore, the purpose of the section is to provide a remedy by which the party in default may have relief if he can allege and prove facts and circumstances upon which, in equity and good conscience, he should have relief from the consequences of his own default, and which also excuse him from the imputation of gross negligence or willful or fraudulent breach of duty." That opinion also holds that the section referred to was intended not to abrogate but to modify the common law rule of forfeiture, in order that one who might otherwise lose entirely his advance payments might in a proper case recover something notwithstanding he was in default. The court also said: "When recovery is sought upon it, the plaintiff's allegations and proof must bring it within the exception. * * * *Prima facie,* one who has violated a contract is not entitled to any relief. If he seeks it he must put himself within the exception created by the statute,— that is, within its equity. Any other rule would enable him to make out a *prima facie* case by a bald allegation that he has partly performed his agreement, that he has determined not to proceed further towards its final conclusion, and that he desires to be relieved from the consequent forfeiture which the law has declared." In *Fratt* v. *Daniels-Jones Co.* 47 Mont. 487, concerning this section the court said: "When parties deliberately make time of the essence of their agreement, the obligor must expect that the provision will be given full force and effect unless the party for whose benefit it was inserted waives the provision or by a course of conduct estops himself to insist upon its enforcement, or the obligor is prevented from performing by circumstances which would be sufficient to relieve him from the performance of the most important provision of the contract." These and other cases lay down the rule that in order to authorize a court of equity, under that statute, to set aside the deliberate contracts or obligations of parties fairly and freely assumed, the party seeking such re-

lief must allege and show such special circumstances as appeal to the conscience of a court of equity. *Suburban Homes Co.* v. *North,* 50 Mont. 108; *Donlan* v. *Arnold,* 48 id. 416; *Clifton* v. *Willson, supra.*

We are of the opinion that the bill does not allege facts entitling appellant to the special equities arising from an appeal to the conscience of a court of equity. While the bill asks that the court of equity determine what compensation is due, there is no offer to stand ready to make all payments as provided by the contract, and the bill does not allege that appellant desires to carry out the contract in full.

We are of the opinion that appellant is not entitled to the relief sought by the bill as against appellee and that the Appellate Court was right in so holding. The judgment will therefore be affirmed.         *Judgment affirmed.*