M. Votruba, Appellee, v. Raymond Hanke et al., Appellants.

**VENDOR AND PURCHASER:** Remedies of Vendor—Forfeiture—Re-
1   dundant Notice. A notice of the forfeiture of a contract for the
sale of real estate which properly specifies one sufficient ground for
forfeiture renders redundant the specifications of other grounds.

**FORCIBLE ENTRY AND DETAINER:** Defenses—Borrowed Defense.
2   It is no defense to an action of forcible entry and detainer that the
defendant was holding under a contract for the purchase of the real
estate, and that the plaintiff, in assuming to forfeit the contract, had
not served notice of the forfeiture on a third party who held an
assignment from defendant of the contract as security.

**FORCIBLE ENTRY AND DETAINER:** Defenses—Non-allowable Coun-
3   terclaim. A counterclaim has no place in an action of forcible entry
and detainer. (See Book of Anno., Vol. 1, Sec. 11151, Anno. 67 *et
seq.*)

Headnote 1: 39 Cyc. p. 1893. Headnote 2: 26 C. J. p. 841 (Anno.)
Headnote 3: 26 C. J. p. 841.

Headnote 3: 11 R. C. L. 1176.

*Appeal from Des Moines Municipal Court.*—J. E. Mershon,
Judge.

November 16, 1926.

This is an action of forcible entry and detainer, based upon
a forfeiture of a contract of sale to the defendants. The defend-
ants pleaded a general denial and several purported affirmative
defenses. One of these was a counterclaim. A demurrer to the
counterclaim was sustained. Likewise, a motion to strike the
other affirmative defenses was sustained. The defendants stood
upon their pleadings, and refused to plead further. Jury was
waived, and trial had to the court, which rendered judgment for
the plaintiff. The defendants appealed.—*Affirmed.*

*R. L. Parrish,* for appellants.

*Royal & Royal,* for appellee.

EVANS, J.—I.   One of the defenses pleaded was that the notice of forfeiture served upon the defendants was not sufficiently specific to comply with the requirements of the statute,

1. VENDOR AND PURCHASER: remedies of vendor: forfeiture: redundant notice.

Paragraph 2, Section 12390, Code of 1924.  The specification contained in the notice of forfeiture was as follows:

"For the reason that you have failed to comply with the terms and conditions of said contract in that you have failed to pay the installments which are due upon said contract, have failed to pay the taxes for the year 1924 due and payable in 1925, and that you have failed to pay the interest and installments due upon the first mortgage upon said property as provided in said written contract."

Defendants concede that the specification relating to non-payment of taxes was sufficiently specific.  This of itself would have sustained the forfeiture.  If the defendants had cured the default as to taxes by paying the same, they would have been in a position to contend that the other specifications were not sufficient.  The most that the defendants can contend, upon the record, is that they had suffered no other default than the failure to pay the taxes.  This being so, they were still in default, and subject to forfeiture.  If the notice served upon them was redundant in charging other defaults, they were not harmed thereby.  We have no occasion to consider whether the other defaults should have been stated more specifically.

II.  The defendants pleaded as one defense that, prior to the service of the notice of forfeiture, they had sold and assigned to Amelia P. Caldwell their interest in the property, by a contract partly in writing and partly oral.  The written contract was as follows:

"We, the undersigned, hereby assign all of our right, title and interest, in and to the within contract and in and to the property therein described, to Amelia P. Caldwell, as security for a promissory note, dated, November 22, 1923, for thirteen hundred dollars.  Unpaid bal. due on this note on date of maturity to be renewed until note is paid until three years have elapsed from date of maturity when bal. is due and payable.

"[Signed] Raymond Hanke,
"Ellen M. Hanke."

The oral agreement pleaded was that Amelia P. Caldwell

should join with the defendants in the occupancy of the premises, and so continue until the defendants had repaid to her the sum of $1,300 loaned by her.

Defendants aver that no notice of forfeiture was served upon Caldwell, as the successor in interest to the defendants, and that, therefore, the court had no jurisdiction to proceed until such notice of forfeiture be served. This defense was stricken on motion, and defendants complain. The argument is that the statute provides that the vendor may serve his notice of forfeiture upon the vendee or his successor in interest, and that such statute, in legal effect, requires service to be made upon a successor in interest, if such there be.

2. Forcible Entry and Detainer: defenses: borrowed defense.

Upon the showing made, Caldwell was a mortgagee, and was no less so because her security included a right to possess jointly with the defendants. Whether she had a right to be heard in defense of their forfeiture notice, or had a right to cure default upon service of a forfeiture notice, we have no occasion to consider. She was not a party to the case, and became in no manner bound by the adjudication. Her defense, if she had one, was available to herself alone. She could not stay out of court and send in her defense, so to speak, by the defendants, as her messengers. Neither could the defendants avail themselves of it, as a defense of their own.

The trial court properly struck the defense.

III. The defendants set up a counterclaim, by way of offset only, for $1,000 for false and fraudulent representations made to them by the vendor, who was the plaintiff's assignor. Plaintiff demurred to this counterclaim, on the ground that it could not, under the statute, be interposed, to defeat an action for forcible entry and detainer. The defendants contend that this was not a counterclaim, but an offset only, and that no judgment was asked against the plaintiff because thereof; that the defendants asked only that the amount thereof should be set off against the amount of the defendants' default. It was essentially a counterclaim, nevertheless. It was predicated upon an unliquidated claim, which would require litigation and adjudication. Such proceedings would be wholly inconsistent with the

3. Forcible Entry and Detainer: defenses: nonallowable counterclaim.

limited scope of the issue in a forcible entry and detainer case and with the summary character of the remedy itself.

The demurrer was properly sustained.

IV.  Defendants complain that the court entered summary judgment without hearing any evidence, notwithstanding that their general denial put in issue the genuineness of plaintiff's contract of assignment from his alleged assignor, who was the vendor in the contract of sale; and that it put in issue the truth of the grounds of forfeiture specified in the forfeiture notice. The grounds of complaint at this point are not supported by the record.  The record recited that trial was had to the court without a jury, and on the merits.  The evidence was not preserved, nor was it essential to the judgment that it should be so preserved.  The defendants could have required its preservation, if they had so chosen.

We find no error in the record, and the judgment below is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.