HARVEY GIBSON et al., Appellants, v. R. B. THODE et al.,
Appellees.

No. 39979.

DECEMBER 13, 1929.

*Brown, Brown & Harvey,* for appellants.

*George Harnagel,* for appellees.

ALBERT, C. J.—The plaintiffs allege in their petition, in substance, that they purchased the lots in controversy from the defendants Thode and Harnagel in April, 1922, for $1,200, making a down payment of $841, leaving a balance of $359, payable according to the terms of the contract, which provided for the payment of this balance on April 29, 1925, with interest payable semiannually. The defendants took possession of said premises, and erected a dwelling house thereon. On May 1, 1924, the defendants Thode and Harnagel dispossessed plaintiffs. The reasonable rental value of the property was $25 per

month, and they pray for an accounting of the rents and profits, and are ready and willing to pay the balance due on the contract. They tender equity, and demand possession of the property, or, in the alternative, if possession cannot be given, that they have judgment against Thode and Harnagel for the value of their equity in said property.

The defendants Thode and Harnagel answer, admitting the contract, admit the erection of the dwelling house on the real estate, but allege that, on May 1, 1924, the plaintiffs abandoned said property, and that there were outstanding liens and claims against the same in excess of the value thereof; that, when plaintiffs abandoned said property, they moved to Chicago, and failed to pay the semiannual installments of interest and the taxes against said property, allowed the same to be sold for taxes, and failed to keep the property insured, whereupon, on March 29, 1924, a notice of forfeiture was served, forfeiting the rights of plaintiffs in said property.

To this answer, a motion was made to strike, on numerous grounds, the principal one of which—and the only one urged on the attention of the court—is the sufficiency of this notice of forfeiture, which is as follows:

"You are hereby notified that you have failed to perform the contract and the agreements on your part contained in the contract entered into by you with R. B. Thode and George Harnagel of date April 29, 1922, for the purchase from said R. B. Thode and George Harnagel of the following described real estate situated in Polk County, Iowa, to wit: Lots 80 and 81 in Hallett Acres, being an official plat of that part of the south half of the southeast quarter of Section 20, Township 79, North, Range 24, West of the 5th P. M., lying west of the road, now included in and forming a part of the city of Des Moines, Iowa.

"And because of your failure to perform the agreements and stipulations therein contained on your part, the said R. B. Thode and George Harnagel do now in accordance with the provisions of Sections 4299 and 4300, Title 21, Chapter 7, of the 1913 Supplement to the Code of 1897 (and Code of 1897) cause the service upon you of this notice of their intentions to cancel the said contract thirty days after the completed service of this notice. Unless within the said 30 days you perform all the obligations on your part now delinquent under said contract

and make all payments of principal and interest and keep all the agreements now due and to become due within the said 30 days; unless you perform all the obligations as above, your rights under said contract and interest in and to the real estate therein described will be declared null and your rights shall cease and determine.''

This motion was overruled generally; hence this appeal.

The law in force at the time of this alleged forfeiture was Section 4299, Supplement to the Code, 1913, reading as follows:

''Any contract hereafter made for the sale of real estate in the state of Iowa, and which provides for the forfeiture of vendee's rights therein upon the happening of certain conditions, shall not be forfeited or canceled unless, thirty days before a declaration of forfeiture is made, a written notice be served on the vendee or assignee, notice of whose rights as assignee has been conveyed to vendor, and on the party in possession of said real estate, which notice shall contain a declaration of an intention to forfeit said contract and *the reason therefor* and may be served personally or by publication, on the same conditions, and in the same manner as is provided for the service of original notices. If such notice is served by publication no affidavit therefor shall be required and the forfeiture shall not take place until thirty days after the last publication day.''

There is no question as to the service of this notice, but the question discussed is whether or not the notice itself complied with the requirements of the statute; and the center of the fire is on the phrase of the statute which says that notice of forfeiture, among other things, shall contain a declaration of the intention to forfeit said contract and *the reason therefor*. It is to the italicized phrase in the statute that we direct our attention.

By reference to the notice that was actually served, it will be noted that a part of the same reads as follows:

''You are hereby notified that you have failed to perform the contract and the agreements on your part contained in the contract,'' etc., described in the contract. And further: ''And because of your failure to perform the agreements and stipulations therein contained on your part * * * notice of their in-

tentions to cancel the said contract thirty days after the completed service of this notice.''

From this phrase of the notice it is obvious, without elaboration, that it is too general to meet the requirements of the statute. As above pointed out, the statute requires that the notice should contain ''the reason'' for the notice of forfeiture. It is not sufficient, under such circumstances, to make a sweeping notice that they have failed to perform the agreements and stipulations contained in the contract. The real purpose of a notice of this kind is to bring home to the vendee the very reason for the notice of forfeiture,—in other words, to advise the vendee what he must do to avoid the forfeiture; and we concede that, if the notice is of such a character that the vendee is told what he must do and when he must act to avoid the forfeiture, the statute has been complied with.

Turning again to the notice, we find that it contained the following:

''Unless within the said 30 days you perform all the obligations on your part now delinquent under said contract and make all payments of principal and interest and keep all the agreements now due and to become due within the said 30 days; unless you perform all the obligations as above, your rights under said contract and interest in and to the real estate therein described will be declared null and your rights shall cease and determine.''

This part of the notice makes a demand on the vendees for payment of principal and interest, and advises them that, unless they pay the same within 30 days, their rights will be forfeited. We are of the opinion that they were duly notified that at least the interest which was past due had not been paid, and that that was one of the reasons for the forfeiture. We assume that, under this contract, had the vendees tendered the interest which was then due, the forfeiture would have been legally avoided. While the defendants in their answer allege that the taxes were unpaid and the insurance was not carried on the property, etc., these things are of no value to them, because they did not specifically cover them in the notice of intention to forfeit. But they also allege that there are unpaid installments of interest, and the interest is demanded, and made one of the grounds

372

in the notice of forfeiture. This being true, the notice of forfeiture was good to that extent; hence was a sufficient. basis to support this forfeiture.

The fact that they may have asked for something in the notice of forfeiture to which vendors were not entitled, will not defeat the forfeiture if it contains one matter on which they are entitled to give notice of forfeiture. This is in line with the case of *Gaston v. Horn*, 158 Iowa 674, where the notice demanded $500, when only $185 was due under the contract, and $275 of the contract price was paid by assuming a mortgage. We there held that such a notice was sufficient.

As sustaining this conclusion, see *Adams & McKee Land Co. v. Dugan*, 68 Cal. App. 226 (228 Pac. 681); *Harris v. Seattle Land & Impr. Co.*, 122 Wash. 323 (211 Pac. 282); *Montana Wheat Land Co. v. Northern Pac. R. Co.*, 308 Ill. 620 (139 N. E. 876).

The set of facts involved in each of the above cases is identical with those in this case, and each holds that, in event that the notice of forfeiture makes demand for more than that to which the plaintiff is entitled, such excessive demand will not invalidate the forfeiture.—*Affirmed.*

EVANS, FAVILLE, KINDIG, and GRIMM, JJ., concur.