HAMPTON FARMERS CO-OPERATIVE COMPANY, appellant, v. EMIL H. FEHD and VELMA E. FEHD, appellees.

No. 51572.

(Reported in 133 N.W.2d 872)

March 9, 1965.

Lee B. Blum, of Hampton, for appellant.

Archerd, Birdsall & Draheim, of Clarion, for appellees.

Stuart, J.—The questions presented here are (1) whether a vendor can accelerate the payment of installments on a real-estate contract and then forfeit the contract for failure to pay the entire balance due and (2) if not, does such wording in the notice of forfeiture render the notice a nullity.

Plaintiff was a creditor of vendees of a certain real-estate contract. On November 17, 1963, a barn and silo on the premises subject to the contract were destroyed by fire. On February 21, 1964, vendees executed a mortgage covering their equity in the premises to plaintiff. On February 24, 1964, plaintiff attached the draft from the insurance company compensating vendors and vendees for the fire loss. Vendees failed to pay the interest and installment on the principal due March 1, 1964, and on March 6, 1964, vendors served them with a notice of forfeiture of the real-estate contract. Vendees made no attempt to bring the contract up to date. On May 2, 1964, plaintiff obtained a judgment against the vendees and the mortgage of February 21, 1964, was determined to be a valid lien on the vendees' interest in the real estate from the date of the mortgage. The contract vendors, defendants here, were not parties to that action.

On May 23, 1964, plaintiff filed this action against vendors

and vendees setting forth the facts stated above and praying that the court (1) determine the interest in the draft for insurance proceeds, (2) set aside the notice of forfeiture as a nullity, (3) decree the notice of forfeiture constituted a binding election to proceed by way of foreclosure rather than forfeiture. Vendors' motion to dismiss the petition was sustained by the trial court on the grounds that (1) the real-estate contract was forfeited and (2) the facts alleged do not entitle plaintiff to the relief demanded. Plaintiff elected to stand on its pleadings and has appealed.

I. The real-estate contract gave vendors the following remedies in case of vendees' default:

"CANCELLATION UPON DEFAULT—If default shall be made by the Purchaser in the payment of any or either of the several sums of money to be paid on this contract as hereinbefore provided, whether of principal or interest, or in the performance of any or either of the stipulations, conditions and covenants of this contract on the part of the Purchaser to be kept or performed, the Vendor may at option by written notice given in the manner provided by Statute, cancel and terminate this contract, and thereupon all right, title and interest in said real property acquired by the Purchaser hereunder shall cease and determine, and the Vendor shall be forthwith re-invested with all right, title and interest therein, and shall have the right to re-enter and take possession of said Real Property.

"JUDGMENT, ETC., ON DEFAULT—Vendor reserves the right and option, in the event that purchaser shall fail to pay the said purchase money, or any part thereof, or the interest thereon, when the same becomes due, or shall fail to pay the taxes upon said premises as above provided, to, at his, the Vendor's election, declare the whole amount of the said purchase money due and collectible at once and proceed by way of foreclosure of this contract, or in any manner authorized by law to enforce the collection of the full balance thus declared due; * * *."

The parties agree vendors, in the notice of forfeiture, attempted to accelerate the payments and then forfeit the contract for failure to pay the entire balance. The notice provided:

"Vendees have not made the principal payment of $600.00

due March 1, 1964, or the aforesaid interest in the sum of $1,-050.00 and, accordingly, are in arrears in the sum of $1,650.00. Accordingly, Vendors have elected to declare the Vendees to be in default and the entire principal of said Contract in the sum of $17,500.00 plus interest of $1,050.00 as of March 1, 1964, is hereby declared to be past due and unpaid. In addition, there is due to the Vendors all reasonable costs in connection with the preparation, recording and service of this notice. * * *

"You and each of you, as your rights may appear, are hereby notified that the above Contract will stand forfeited and cancelled unless the Vendees, or their heirs or legal representatives, within 30 days after completed service of this Notice, perform the terms and conditions of said Contract referred to above which are in default and in addition pay the reasonable costs in connection with the service of this Notice.

"You are further notified that this Notice is served on you pursuant to Chapter 656 of Volume II of the 1962 Code of Iowa and that if the above defaulted conditions are not performed and the Contract placed in good standing within the time as above provided that proof and record of service will be filed in the Office of the Franklin County Recorder of Franklin County, Iowa, and the same shall constitute constructive Notice to all parties of the due forfeiture and cancellation of said Contract and thereupon all rights of the said Wesley E. Hartwig and Arlene F. Hartwig as purchasers and parties in possession shall be cut off, cancelled and held for naught and all rights of the said Wesley E. Hartwig and Arlene F. Hartwig as to the above premises will be automatically terminated."

The trial court found the notice of forfeiture accelerated the future payments. The parties accept this finding and do not argue otherwise. He also held it was legal and proper under the terms of the contract and chapter 656 of the Code for vendors to proceed in this fashion on the theory that forfeiture was actually an attempt to enforce collection and was a "manner authorized by law to enforce the collection of the full balance thus declared due" permitted under the terms of the contract.

Plaintiff contends a vendor cannot accelerate the payments and then forfeit for failure to pay the accelerated balance.

We agree. Needles v. Keys, 149 Minn. 477 (1921), 184 N.W. 33, 34, is in point. There the vendee made default, which, by the terms of the contract, authorized the vendor to declare the deferred installments due immediately and to cancel the contract. After declaring the deferred installments due immediately, the vendor instituted the statutory proceedings to cancel the contract. The vendee complied with the conditions in which he had made default within the statutory time, but did not pay the deferred installments which had been declared due. The court held that the payment of the deferred installments could not be required in the statutory proceedings and that the removal of the default which authorized its cancellation reinstated the contract. The Minnesota statute is substantially the same as section 656.2 of the Iowa Code.

The Minnesota Court said at page 480 of 149 Minn., page 34 of 184 N.W.: "These provisions are to be strictly construed for the purpose of avoiding a forfeiture. It is clear therefrom that the vendee may reinstate the contract by performing only those conditions, the nonperformance of which gave the vendor the right to institute the proceeding.

"The default which gave this right in the present case was a failure to make certain payments on the due dates fixed in the contract. Without this breach of the conditions of the contract, the vendor would have had no power to terminate it, and the statute gave the vendee the right to reinstate it by making these payments and reimbursing the vendor for the costs incurred. It is true that this same default gave the vendor power to declare the principal sum due and he could doubtless have enforced his claim for such principal sum in a proper proceeding. He had the right to elect whether to proceed in court or under the statute. He elected to proceed under the statute for a strict foreclosure by his own act, and must, therefore, permit the vendee to cure his default on the terms and in the manner specified in the statute.

"Conceding that the vendor had the right to declare the deferred installments due and to enforce payment of them in a proper proceeding, we are unable to hold that in this proceeding he could make the payment of such deferred installments one of

the conditions with which the vendee must comply in order to reinstate the contract. We think the legislature did not intend to permit him, by his own act, to add to the conditions which the vendee must perform to cure his default and save his equitable rights. We think that the legislature intended that the contract should not be forfeited if, within the prescribed time, the vendee removed such defaults as were made grounds of forfeiture by the terms of the contract itself. And we hold that in proceedings under this statute, the vendor cannot, by exercising an option to declare deferred installments due immediately, require the vendee to pay such deferred installments or forfeit his contract.

"We agree with the trial court that the payments and tender made by the plaintiffs preserved and reinstated their rights under the contract, and the judgment appealed from is affirmed."

We believe the Minnesota court has correctly determined the purpose of statutes regulating forfeitures. The language of the opinion set out above can be applied with equal force and logic to our own statute. From the vendors' standpoint forfeiture presents a swift and inexpensive remedy in the event of a default. A vendee can live with such remedy to obtain the advantages of an installment contract and the usual low down payments when other financing could not be obtained. The burden and risk would become intolerable if a minor default would allow vendors to accelerate all payments and reclaim the property and keep all payments made for failure to pay the entire balance. In many instances it would be impossible for vendees to get financing to pay off a large balance. Such result is contrary to the purpose of the statute which is designed to extend "a little grace to a party in default who may be staggering under the load of his undertaking." Waters v. Pearson, 163 Iowa 391, 397, 144 N.W. 1026, 1029. We do not aid the staggering vendee by piling the unpaid balance on top of the defaulted installments which are already a heavy burden.

We hold one cannot accelerate the payments due on an installment contract and then base a forfeiture on the whole unpaid balance under chapter 656 of the Iowa Code. Therefore, we need not decide whether the contract so provided, however we are not inclined to accept the trial court's theory that forfeiture is a

"method of collection". The provision for forfeiture is in a separate paragraph of the contract. The provision for acceleration is in a paragraph providing for foreclosure and collection, not a reclaiming of the property. We would doubt that the contract itself could be interpreted as providing for an acceleration and forfeiture at the same time.

■ II. If we assume the notice of forfeiture did accelerate all payments and require payment in full to avoid the forfeiture, is the notice a nullity? The only three Iowa cases we have found on the subject hold it is not, if there is one specific matter in the notice which is sufficient to justify a forfeiture. Gaston v. Horn, 158 Iowa 674, 138 N.W. 925; Gibson v. Thode, 209 Iowa 368, 228 N.W. 91; Votruba v. Hanke, 202 Iowa 658, 210 N.W. 753.

The notice in Gaston v. Horn threatened forfeiture " 'should you fail within said time to fulfill your terms of said contract to the amount of five hundred dollars ($500)' " when only $185 was due. We rejected the argument that "this exacted a payment of $500" and held the contract forfeited.

In Votruba v. Hanke, supra, the notice of forfeiture stated generally vendee was in default for failure to pay interest and installments due " 'upon the first mortgage upon said property as provided in said written contract'." It also claimed default for failure to pay the taxes for 1924 due in 1925. In response to the defense in a forcible entry and detainer action that the notice was not specific enough to comply with the requirements of the statute, we said on page 659 of 202 Iowa:

"Defendants concede that the specification relating to nonpayment of taxes was sufficiently specific. This of itself would have sustained the forfeiture. If the defendants had cured the default as to taxes by paying the same, they would have been in a position to contend that the other specifications were not sufficient. The most that the defendants can contend, upon the record, is that they had suffered no other default than the failure to pay the taxes. This being so, they were still in default, and subject to forfeiture. If the notice served upon them was redundant in charging other defaults, they were not harmed there-

by. We have no occasion to consider whether the other defaults should have been stated more specifically."

In Gibson v. Thode, supra, the notice made only general reference to defaults and then provided:

" 'Unless within the said 30 days you perform all the obligations on your part now delinquent under said contract and make all payments of principal and interest and keep all the agreements now due and to become due within the said 30 days; unless you perform all the obligations as above, your rights under said contract and interest in and to the real estate therein described will be declared null and your rights shall cease and determine.' "

We said (pages 371 and 372 of 209 Iowa) : "This part of the notice makes a demand on the vendees for payment of principal and interest, and advises them that, unless they pay the same within 30 days, their rights will be forfeited. We are of the opinion that they were duly notified that at least the interest which was past due had not been paid, and that that was one of the reasons for the forfeiture. We assume that, under this contract, had the vendees tendered the interest which was then due, the forfeiture would have been legally avoided. While the defendants in their answer allege that the taxes were unpaid and the insurance was not carried on the property, etc., these things are of no value to them, because they did not specifically cover them in the notice of intention to forfeit. But they also allege that there are unpaid installments of interest, and the interest is demanded, and made one of the grounds in the notice of forfeiture. This being true, the notice of forfeiture was good to that extent; hence was a sufficient basis to support this forfeiture.

"The fact that they may have asked for something in the notice of forfeiture to which vendors were not entitled, will not defeat the forfeiture if it contains one matter on which they are entitled to give notice of forfeiture. This is in line with the case of Gaston v. Horn, 158 Iowa 674, where the notice demanded $500, when only $185 was due under the contract, and $275 of the contract price was paid by assuming a mortgage. We there held that such a notice was sufficient.

"As sustaining this conclusion, see Adams & McKee Land Co. v. Dugan, 68 Cal. App. 226 (228 Pac. 681); Harris v. Seattle

Land & Impr. Co., 122 Wash. 323 (211 Pac. 282); Montana Wheat Land Co. v. Northern Pac. R. Co., 308 Ill. 620 (139 N.E. 876).

"The set of facts involved in each of the above cases is identical with those in this case, and each holds that, in event that the notice of forfeiture makes demand for more than that to which the plaintiff is entitled, such excessive demand will not invalidate the forfeiture."

Had a tender been made within the 30 days of the delinquent interest and principal, as was done in the Minnesota case of Needles v. Keys, supra, a different situation would be before us. Here no effort was made to reinstate the contract. There is no charge of fraud, misrepresentation or any other equitable defense to the notice. The default is conceded. It was specified in the notice and was sufficient to entitle vendors to invoke a forfeiture. The fact that vendees overstated the requirements to reinstate the contract is not fatal to the notice under the Iowa cases.

The case is affirmed.—Affirmed.

All JUSTICES concur.