In re Raymond Eugene OULMAN and Madalyn Marlene Oulman, Debtors.

Raymond Eugene OULMAN and Madalyn Marlene Oulman, Plaintiffs,

v.

ROLLING GREEN, INC., Franklin S. Hough, Gerald L. Nordstrom and June T. Nordstrom, and Nodaway Valley Bank, Defendants.

No. C 86-3156.
Bankruptcy No. 82-03068.
Adv. No. 84-0266M.

United States District Court,
N.D. Iowa, C.D.

July 3, 1987.

---

1. The Honorable Michael J. Melloy, United States Bankruptcy Judge.

John Neiman, Des Moines, Iowa, for plaintiffs/appellants Raymond and Madalyn Oulman.

Robert Rolfe, Lamoni, Iowa, for defendant Rolling Green, Inc.

David Nelsen, Mason City, Iowa, for defendant Franklin S. Hough.

M. Gene Blackburn, Fort Dodge, Iowa, for defendant Nodaway Valley Bank.

## ORDER AFFIRMING BANKRUPTCY COURT'S DECISION

HANSEN, District Judge.

This matter is before the court on appellants Raymond and Madalyn Oulman's appeal filed December 30, 1986, from a decision of the bankruptcy court[1] entered December 5, 1986, dismissing the Oulmans' complaint. Nodaway Valley Bank resists the appellant's appeal and urges this court to affirm the bankruptcy court. Both sides have filed briefs outlining their arguments.

This court has carefully reviewed the record on appeal and has also carefully studied the exhaustive and well written briefs filed by the parties. Upon that review, the court enters the following order.

The Nodaway Valley Bank urges this court to affirm the bankruptcy court for the following reasons: (1) The 1982 forfeiture was effective in cutting off the debtors' legal rights to their property; (2) Under 11 U.S.C. § 546, the debtors and their trustee in bankruptcy can no longer bring an action to avoid a transfer of the debtors' property; (3) The debtors failed to offer proof that Rolling Green committed fraud on the court at the April 14, 1983 hearing to lift the automatic stay; (4) The prior judgments adverse to the debtors concerning the validity of the forfeiture of their real estate cannot now be overturned by this suit; and (5) Since the sale of the contested property from Rolling Green, Inc. to the Nordstroms was contingent upon clearing title via a forfeiture action, the sale to Nordstroms did not place Rolling Green, Inc. in default as vendor. This court affirms the bankruptcy court on less than all of those grounds.

The question of whether the 1982 forfeiture was effective in cutting off debtors' legal rights to the property involves an unsettled question of Iowa law. It is clear from the record that the First National Bank of Mason City, an assignee of debtors' interest, was not served with notice of

---

1. The Honorable Thomas Wood, United States Bankruptcy Judge.

the 1982 forfeiture. Debtors now wish to assert the First National Bank's right to notice of the 1982 forfeiture in order to defeat that forfeiture. While it is generally true that a vendor must strictly follow the provisions of Iowa Code Chapter 656 in a forfeiture proceeding, *see Kilpatrick v. Smith*, 236 Iowa 584, 19 N.W.2d 699, 703 (1945) (one seeking forfeiture should fully and strictly follow required procedure); *Fulton v. Chase*, 240 Iowa 771, 37 N.W.2d 920 (1949) (where no notice of forfeiture was served upon the party in possession, as required, notice of forfeiture was ineffective); *Keokuk State Bank v. Eckley*, 354 N.W.2d 785, 788 (Iowa App.1984) (forfeiture not effective if no notice has been served on the party in possession), it also seems clear that the vendees cannot assert or rely upon their assignee's right to notice of forfeiture in order to defeat that forfeiture. *Votruba v. Hanke*, 202 Iowa 658, 210 N.W. 753, 754 (1926).

In *Votruba*, the Iowa Supreme Court had before it an appeal from a forcible entry and detainer action based upon a forfeiture of a contract of sale to the defendants. "The defendants pleaded as one defense that, prior to the service of the notice of forfeiture, they had sold and assigned to Amelia P. Caldwell their interest in the property by a contract partly in writing and partly oral." *Id.* at 753. The court said:

> Upon the showing made, Caldwell was a mortgagee, and was no less so because her security included a right to possess jointly with the defendants. Whether she had a right to be heard in defense of their forfeiture notice, or had a right to cure default upon service of a forfeiture notice, we have no occasion to consider. She was not a party to the case, and became in no manner bound by the adjudication. *Her defense, if she had one, was available to herself alone.* She could not stay out of court and send in her defense, so to speak, by the defendants, as her messengers. *Neither could the defendants avail themselves of it as a defense of their own. Id.* at 754 (emphasis added).

Although Mrs. Caldwell, as a mortgagee, was not entitled to notice of the forfeiture under the statute then governing forfeiture, the court nonetheless pointed out that the defendants could not avail themselves of her defense as their own, if indeed she did have a defense. This court need not resolve the differences between these Iowa cases, as it is able to affirm the bankruptcy court on other grounds.

▉ The bankruptcy judge found that there had been no fraud perpetrated on the court in the April, 1983 hearing on the motion to lift the automatic stay. From a review of the record, it is clear that debtors failed to establish below any actual misrepresentation to Judge Thinnes by Rolling Green, Inc. during the 1983 hearing. Debtors claim that Mr. Hough's affidavit that the debtors had no equity in the land at the time of the application to lift the stay was a fraud on the court. The evidence fails to establish that for three reasons: first, Hough could well have been relying upon the 1982 forfeiture proceedings (which his attorney represented were effectual) as the basis for his declaration; second, the debtors' evidence fails to show with any certainty what the value of the 585 acres was in 1983; and third, at the time of the hearing, the contract sale to Nordstrom was already a matter of public record having been recorded in Decatur County on February 28, 1983. Consequently, the existence of the sale to the Nordstroms, and more importantly its price, were not "hidden" from the debtors at the time of the hearing before Judge Thinnes. Since the bankruptcy judge's determination that the proof of fraud was insufficient is not clearly erroneous, it will not be disturbed on appeal. Bankruptcy Rule 8013. The result of this finding is that the second forfeiture between Rolling Green, Inc. and the debtors was effective in cutting off the debtors' interest in the property. Further, debtors have offered no proof that they offered to cure their default following the second notice of forfeiture. Debtors' argument that Rolling Green was a "vendor in default" when it served the second notice is not persuasive. From the evidence of record, it is clear that both Rolling Green and

Nordstroms knew of the alleged title defect and the contract between them provided for it. As a vendee in default, debtors cannot be heard to complain about a defect in the vendor's title prior to the time the vendee is entitled to performance. *Wemer v. Long*, 185 N.W.2d 243, 247 (Iowa 1971).

 Finally, debtors' claim here is barred by the doctrine of res judicata. Referring to that rule, the Supreme Court stated:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. [ (4 Otto) ] 351, 352 [24 L.Ed. 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 578–79, 94 S.Ct. 806, 811–12, 39 L.Ed.2d 9 (1973). Debtors' two prior state court suits in Ringgold County and Decatur County, Iowa were decided against them on motions for summary judgment. The state district courts, in granting defendants' motions for summary judgment, implicitly found that the debtors' contract had been forfeited. The hearing on the motion for summary judgment in the Ringgold County case was held on July 15, 1983; a similar hearing was held in the Decatur County case on August 2, 1983—both long after the contract sale to Nordstrom was a matter of public record. (In addition, both state cases were *filed* after the Nordstrom contract was a matter of public record.) Clearly, debtors could have raised the matter of the contract sale to Nordstrom at the state court hearings, but did not. Debtors have failed to show fraud or some other factor which would invalidate those judgments. Therefore, the doctrine of res judicata bars debtors' claim in this case.

In short, this court concludes that, for the reasons listed above, the decision of the bankruptcy court shall be affirmed.

Finally, the court notes that defendant Nodaway Valley Bank has filed a motion for attorney fees for abuse of process in bringing this appeal. This motion shall be denied.

*It Is Ordered:*

1. The decision of the bankruptcy court entered December 5, 1986, is hereby affirmed.

2. Defendant Nodaway Valley Bank's motion for attorney fees for abuse of process, filed March 5, 1987, is denied.